Donnie McGRAW, Appellant,

v.

**BROWN REALTY COMPANY,**
Appellee.

No. 05–05–01196–CV.

Court of Appeals of Texas,
Dallas.

April 11, 2006.

Rehearing Overruled June 1, 2006.

Rodney Minger, Houston, for Appellant.

Kevin Schutte, Dallas, for Appellee.

Before Justices RICHTER, LANG, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

Donnie McGraw appeals the trial court's final summary judgment in favor of Brown Realty Company awarding it damages in the amount of $114,714. In his sole issue on appeal, McGraw argues the trial court erred when it granted Brown Realty's motion for traditional summary judgment on its breach of contract claim and damages and denied his motion for summary judgment on his affirmative defenses of implied warranty of suitability and failure of consideration.

We conclude the trial court did not err when it granted summary judgment in favor of Brown Realty on its breach of contract claim. However, we conclude the trial court erred when it granted summary judgment on Brown Realty's damages because McGraw raised an issue of material fact regarding mitigation. The trial court's final summary judgment is affirmed in part with respect to McGraw's liability on Brown Realty's breach of contract claim and reversed in part with respect to the amount of damages and remanded for further proceedings on damages.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 24, 2003, McGraw signed a lease with Brown Realty for a 3,417 square-foot building located at 7307 South Westmoreland Road, Dallas, Texas, to be used as a restaurant. The lease commenced on February 15, 2004 and was set to end on February 14, 2009. The base rent for the premises was $207,000 to be paid in monthly installments of $3,450.

On March 3, 2004, pursuant to the terms of the lease, McGraw sent Gary Brown, the president of Brown Realty, a letter advising him of equipment in need of repair or replacement. On October 5, 2004, McGraw sent Brown a second letter complaining that the roof of the building leaked. The record does not show whether Brown Realty ever responded to these letters. McGraw made timely rent payments from March through October of 2004. However, McGraw's November 2004 rent payment was returned for insufficient funds. Further, McGraw abandoned the premises in early December 2004.

On February 10, 2005, Brown Realty sued McGraw for breach of contract seeking to collect the outstanding and unpaid rent, assess late charges at a rate of five percent for the past due amounts, and accelerate the remaining base rent for a

total amount of $176,467.50. On March 31, 2005, McGraw filed his original answer and affirmative defenses.

On June 13, 2005, Brown Realty moved for traditional summary judgment on its breach of contract claim. In the motion, Brown Realty claimed it had mitigated its damages by securing a new tenant for the premises from August 1, 2005 through July 31, 2007 thus reducing the amount owed by McGraw to $114,714. McGraw responded to Brown Realty's motion for summary judgment and filed his own motion seeking traditional summary judgment on his affirmative defenses. Brown Realty objected to McGraw's summary judgment evidence, but the record does not show that it ever obtained a ruling on those objections. The trial court entered summary judgment in favor of Brown Realty on its breach of contract claim for $114,714.

## II. TRADITIONAL SUMMARY JUDGMENT

In his sole issue on appeal, McGraw appears to make two arguments. First, he argues the trial court erred when it granted summary judgment in favor of Brown Realty on its breach of contract claim and denied his motion for summary judgment because he established his affirmative defenses of implied warranty of suitability and failure of consideration as a matter of law or they raised an issue of material fact. Second, McGraw argues the trial court erred when it granted summary judgment in favor of Brown Realty as to damages because he raised an issue of material fact.

### A. Standard of Review

The standard for reviewing a traditional summary judgment is well-established. *See Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 800 (Tex.1994); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49

(Tex.1985); *First Union Nat'l Bank v. Richmont Capital Partners I, L.P.*, 168 S.W.3d 917, 923 (Tex.App.-Dallas 2005, no pet.). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *First Union*, 168 S.W.3d at 923; *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). A party moving for traditional summary judgment carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000) (per curiam); *First Union*, 168 S.W.3d at 923. A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982); *First Union*, 168 S.W.3d at 923. When reviewing a motion for summary judgment, the court takes the nonmovant's evidence as true, indulges every reasonable inference in favor of the nonmovant, and resolves all doubts in favor of the nonmovant. *Willrich*, 28 S.W.3d at 23-4; *First Union*, 168 S.W.3d at 923.

### B. Breach of Contract

First, we address McGraw's argument that the trial court erred when it granted traditional summary judgment in favor of Brown Realty on its breach of contract claim and denied his motion for summary judgment on his affirmative defenses. Specifically, he argues Brown Realty breached the implied warranty of suitability and the lease fails due to a failure of consideration. Brown Realty responds that McGraw raises the issue of implied warranty of suitability for the first time on appeal so the claim is not preserved for

appeal and McGraw's affirmative defense of failure of consideration is misguided.

### 1. Preservation of Error

As a preliminary matter, we must address Brown Realty's claim that McGraw raises the issue of breach of the implied warranty of suitability for the first time on appeal. McGraw did not file any counter-claims so we must determine if he raised it as an affirmative defense.

■ Any matter constituting an affirmative defense or avoidance must be "set forth affirmatively." TEX.R. CIV. P. 94. Breach of the implied warranty of suitability may be pleaded as a cause of action, counter-claim, or as an affirmative defense. *See B & H Aircraft Sales, Inc. v. Engine Components, Inc.,* 933 S.W.2d 653, 655 (Tex.App.-San Antonio 1996, no writ) (affirmative defense); *Kerrville HRH, Inc. v. City of Kerrville,* 803 S.W.2d 377, 386 (Tex.App.-San Antonio 1990, writ denied) (cause of action); *see generally, Coleman v. Rotana, Inc.,* 778 S.W.2d 867 (Tex.App.-Dallas 1989, writ denied) (counterclaim and affirmative defense).

■ Rule 45 of the Texas Rules of Civil Procedure requires that pleadings give fair notice of the claim or defense asserted. TEX.R. CIV. P. 45; *Paramount Pipe & Supply Co. v. Muhr,* 749 S.W.2d 491, 494 (Tex.1988); *see also Crockett v. Bell,* 909 S.W.2d 70, 72 (Tex.App.-Houston [14th Dist.] 1995, no writ). Pleadings are to be liberally construed in favor of the pleader, particularly when the complaining party has not filed any special exceptions. *Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex. 1993); *see also Crockett,* 909 S.W.2d at 72. A petition is sufficient if a cause of action or defense may be reasonably inferred from what is specifically stated. *See Boyles,* 855 S.W.2d at 601; *Crockett,* 909 S.W.2d at 72; *see also Gulf, Colorado &* *Santa Fe Ry. Co. v. Bliss,* 368 S.W.2d 594, 599 (Tex.1963).

■ McGraw specifically pleaded the affirmative defense of failure of consideration. The affirmative defense portion of McGraw's original answer also states:

> More specifically that the Commercial lease agreement that was executed between [Brown Realty] and [McGraw] required certain actions by both parties and that [Brown Realty] failed in part to deliver and fulfill its obligations to [McGraw] upon execution of said agreement and therefore [McGraw] specifically pleads for abatement of [Brown Realty's] alleged cause of action, if any against [McGraw] and that this Court dismiss the same.

In addition, the "Statement of Facts" portion of McGraw's original answer states:

> Pursuant to Article Seven of this lease agreement, Section 7.01 Property Condition McGraw, now known as Defendant had thirty (30) days to inspect the Premises and notify [Brown Realty] in writing of any defects and maintenance, repairs, etc and within a reasonable period, [Brown Realty] was to correct the defects and perform the repairs and maintenance at its expenses [sic].

Although McGraw did not specifically assert breach of the implied warranty of suitability as an affirmative defense, it is evident from the above paragraphs that part of the basis of his defense to the suit was Brown Realty's failure to repair latent defects in the leased premises. Brown Realty did not file special exceptions asking for a clearer statement of McGraw's affirmative defenses. In the absence of any special exceptions, we liberally construe McGraw's pleadings to include the affirmative defense of breach of the implied warranty of suitability. *See Crockett,* 909 S.W.2d at 72.

## 2. Applicable Law

The elements of a cause of action for breach of a contract are: (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of that breach. *Case Corp. v. Hi–Class Bus. Sys. of Am., Inc.,* 184 S.W.3d 760, 769 (Tex.App.-Dallas 2005, no pet. h.). A contract has been breached when a party fails to perform an act that it has expressly or impliedly promised to perform. *Id.* at 769–70.

A tenant's obligation to pay rent and a landlord's implied warranty of suitability are mutually dependent. *Davidow v. Inwood N. Prof'l Group–Phase I,* 747 S.W.2d 373, 377 (Tex.1988). Breach of the implied warranty of suitability is a complete defense to nonpayment of rent. *See B & H Aircraft,* 933 S.W.2d at 655; *Neuro–Developmental Assoc. of Houston v. Corporate Pines Realty Corp.,* 908 S.W.2d 26, 28 (Tex.App.-Houston [1st Dist.] 1995, writ denied). The implied warranty of suitability covers latent defects in the nature of a physical or structural defect which the landlord has the duty to repair. *See Coleman,* 778 S.W.2d at 871. The evidence must indicate that: (1) latent defects existed in the leased premises at the inception of the lease and (2) such defects were vital to the use of the premises for their intended commercial purpose. *See B & H Aircraft,* 933 S.W.2d at 655.

The determination of whether there has been an actionable breach of the implied warranty of suitability depends on the particular circumstances of the case. *Davidow,* 747 S.W.2d at 377. Because the implied warranty of suitability may be contractually waived, a court may consider whether the tenant waived the defects. *See id.*

A complete failure of consideration constitutes a defense to an action on a written agreement. *See Suttles v. Thomas Bearden Co.,* 152 S.W.3d 607, 614 (Tex.App.-Houston [14th Dist.] 2004, no pet.). Generally, a failure of consideration occurs when, because of some supervening cause after an agreement is reached, the promised performance fails. *See U.S. Bank, N.A. v. Prestige Ford Garland Ltd. Partnership,* 170 S.W.3d 272, 279 (Tex. App.-Dallas 2005, no pet.). Failure of consideration may result as a consequence of one party's failure to perform its obligations under the agreement. *Id.* The defense of failure of consideration defeats summary judgment if the nonmovant alleges facts and presents evidence that the consideration in the agreement was not received. *See Suttles,* 152 S.W.3d at 614; *Stewart v. U.S. Leasing Corp.,* 702 S.W.2d 288, 290 (Tex.App.-Houston [1st Dist.] 1985, no writ).

## 3. Application of the Law to the Facts

McGraw asserts he had a complete defense to his nonpayment of rent under either the breach of the implied warranty of suitability or the failure of consideration defenses because Brown Realty failed to repair or replace certain items. McGraw attached two letters to his response to Brown Realty's motion for summary judgment and his motion for summary judgment on his affirmative defenses. The first letter, which was addressed to Gary Brown and dated "03/03/2004," listed seven pieces of equipment in need of repair. The second letter, which was addressed to Mr. Brown and dated "10/05/2004," complained about a problem with the roof.

Article 7 of the lease addresses the condition, maintenance, repairs, and alterations of the premises. Article 7.01 of the lease states, in part:

[Brown Realty] represents that on the Commencement Date (and for a period of thirty (30) days thereafter) the building fixtures and equipment, plumbing and plumbing fixtures, electrical and lighting system, any fire protection sprinkler system, ventilating equipment, heating system, air conditioning equipment, roof, skylights, doors, walk-in cooler and refrigerator, and the interior of the Premises in general are in good operating condition. [McGraw] shall have a period of thirty (30) days following the Commencement Date in which to inspect the Premises and to notify [Brown Realty] in writing of any defects and maintenance, repairs or replacements required to the above named equipment, fixtures, systems and interior. Within a reasonable period of time after the timely receipt of any such written notice from [McGraw], [Brown Realty] shall, at [Brown Realty's] expense, correct the defects and perform the maintenance, repairs and replacements.

Article 7.03A(2) of the lease states, in part:

*[McGraw] waives the benefit of any present or future law that might give [McGraw] the right* to repair the Premises at [Brown Realty's] expense or *to terminate the Lease because of the condition.*

Emphasis added.

The lease explicitly states that McGraw waived his right to terminate the lease because of the condition of the premises. Consequently, McGraw contractually waived his remedy or defenses to the nonpayment of rent. Accordingly, McGraw failed to raise an issue of material fact precluding summary judgment on Brown Realty's breach of contract claim or establish his affirmative defenses as a matter of law. To the extent McGraw's sole issue on appeal argues error with respect to the trial court's summary judgment in favor of

Brown Realty on its breach of contract claim, his issue is decided against him.

## C. Damages

Second, we address McGraw's argument that the trial court erred when it granted Brown Realty's motion for traditional summary judgment on its damages because he raised an issue of material fact regarding the amount of damages. Specifically, McGraw argues there is a fact issue regarding whether the amount by which Brown Realty mitigated its damages by securing a new tenant is greater than the amount offset and Brown Realty did not credit him for the repairs and improvements he made to the premises.

### 1. Applicable Law

■ Section 91.006 of the Texas Property Code requires a landlord to mitigate his damages after the breach of a lease and declares void any lease provision to the contrary. *See* TEX. PROP.CODE ANN. § 91.006 (Vernon Supp.2005); *Lunsford Consulting Group, Inc. v. Crescent Real Estate Funding VIII, L.P.,* 77 S.W.3d 473, 476 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *see also Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc.,* 948 S.W.2d 293, 299–300 (Tex.1997), *abrogated, in part, by* TEX. PROP.CODE ANN. § 91.006. The tenant bears the burden of proof to demonstrate that the landlord has mitigated or failed to mitigate damages and the amount by which the landlord reduced or could have reduced his damages. *See Austin Hill Country Realty,* 948 S.W.2d at 299.

■ A tenant's contention that the landlord failed to mitigate his damages must be pleaded as an affirmative defense. *See Austin Hill Country Realty,* 948 S.W.2d at 300. However, when a tenant contends that the landlord has actually mitigated his damages, the breaching ten-

ant need not plead the landlord's actual mitigation as an affirmative defense. *See Austin Hill Country Realty,* 948 S.W.2d at 300. Rather, the tenant's evidence of the landlord's mitigation tends to rebut the measure of damages under the landlord's claim of breach and may be admitted under a general denial. *See Austin Hill Country Realty,* 948 S.W.2d at 300. The offset of a landlord's breach of lease damages by the amount he was able to mitigate his damages raises a fact issue regarding the reasonableness of the offset, precluding summary judgment. *See Nautilus Training Ctr. No. 2, Inc. v. Seafirst Leasing Corp.,* 647 S.W.2d 344, 347 (Tex. App.-Corpus Christi 1982, no writ).

## 2. Application of the Law to the Facts

 In its motion for traditional summary judgment, Brown Realty argues it mitigated its damages when it found a new tenant so, after the offset, its damages are $114,714. The "Facts" section of Brown Realty's motion for summary judgment states:

> Brown Realty has secured a new tenant for the Premises. *Exhbit "A,"* ¶ *8.* Beginning on August 1, 2005 through July 31, 2007, the new tenant and Brown Realty will enter into a Lease Agreement whereby the new tenant agrees to pay Brown Realty monthly installments of $3,000.00 thus reducing the accelerated unpaid rent, commission, and late charges owed by McGraw to $114,714.00. *Exhbit "A,"* ¶ *8.* To date, McGraw owes Brown Realty $114,714.00, plus prejudgment interest. *Exhbit "A,"* ¶ *9.*

The "Argument & Authorities" section of Brown Realty's motion for summary judgment contains a paragraph almost identical to the quoted language from the "Facts" section. Brown Realty's Exhibit A is the affidavit of its president, Gary Brown. The motion for summary judgment refers to Exhibit A, paragraphs eight and nine. There is no paragraph nine in Exhibit A. However, paragraphs seven and eight of Exhibit A discuss mitigation and state:

> 7. In an effort to mitigate damages, Brown Realty has secured a new tenant for the Premises. Beginning on August 1, 2005 through July 31, 2007, the new tenant and Brown Realty will enter into a lease agreement, whereby the new tenant agrees to pay Brown Realty monthly installments of $3,000.00 thus reducing the accelerated unpaid rent, brokerage fees, and late charges owed by [McGraw] to $114,714.00.
>
> 8. To date, [McGraw] owes Brown Realty $114,714.00, plus prejudgment interest.

McGraw filed a response to Brown Realty's motion for summary judgment and a motion for summary judgment on his affirmative defenses, which argue, in part, there was an issue of material fact regarding the amount by which Brown Realty mitigated its damages. Both McGraw's response and motion for summary judgment state:

> [Brown Realty] asserts in its Motion for Summary Judgment that it has secured a new tenant for the premises with the lease term beginning August 1, 2005 through July 31, 2007. However, [McGraw] has substantial proof that will render this assertion untrue. A visit to 7307 S. Westmoreland Road, Dallas, Texas reveals that this address is occupied by Manhattan's Restaurant–Family Dining. *See* Exhibit F. In fact, the advertising board at the front of the restaurant on S. Westmoreland indicates that the grand opening for this facility took place from May 26–30, 2005. *See* Exhibit F3. Moreover, [McGraw] submits menus and a guest check as further proof of [Brown Realty's] incorrect as-

sertion of its attempted mitigation of damages. *See* Exhibit G. Thus, [Brown Realty's] claims of damages against [McGraw] in its Motion for Summary Judgment for unpaid rent, commission and late charges are erroneous and grossly overstated.

McGraw's Exhibit F consists of three photographs. On the first and second photographs the address of "7307" is depicted on the building. The third photograph depicts a sign that reads "Manhattan Restaurant" and appears to say "Grand Opening May 26–30."[1] McGraw's Exhibit F3 contains three items: (1) a handwritten guest check with the date "6/15/05" and "Manhattans Restaurant" on it; (2) a "Manhattans Restaurant To Go Menu" with the address "7307 South Westmoreland Road Dallas, TX 75237" printed on it and faxed from "Smith's A/C & Heating" on June 19, 2005; and (3) a "Manhattans Breakfast Menu" also faxed from "Smith's A/C & Heating" on June 19, 2005. McGraw's evidence raised an issue of material fact regarding mitigation.

We conclude the trial court erred when it granted summary judgment on damages in favor of Brown Realty. The trial court's final summary judgment is reversed, in part, with respect to damages and remanded for further proceedings on damages. Based on our conclusion, we need not address McGraw's argument that Brown Realty did not credit him for the repairs and improvements he made to the premises.

### III. CONCLUSION

To the extent McGraw's sole issue on appeal argues error with respect to the trial court's summary judgment in favor of Brown Realty on its breach of contract claim, his issue is decided against him. However, to the extent McGraw's sole issue on appeal argues error with respect to summary judgment damages, his issue is decided in his favor. The trial court's final summary judgment is affirmed with respect to McGraw's liability on Brown Realty's breach of contract claim and reversed with respect to the amount of damages and remanded for further proceedings on damages.

1. The clerk's record contains a photocopy of a photograph that is slightly blurred.