**Opinion filed February 27, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00284-CV

_____

## RABBI LEVERTOV, AS D/B/A OF CHABAD HOUSE-LUBAVITCH, Appellant

## V.

## HOLD PROPERTIES, LTD. AND SOCIETY OF CERTIFIED INSURANCE COUNSELORS, INC., Appellees

**On Appeal from the County Court at Law No. 1**
**Travis County, Texas**
**Trial Court Cause No. C-1-CV-09-007813**

### MEMORANDUM OPINION

Rabbi Levertov, as d/b/a of Chabad House-Lubavitch (Levertov), appeals from the trial court's final judgment in favor of Hold Properties, Ltd. and Society of Certified Insurance Counselors, Inc. (Appellees). In four issues, Levertov

challenges the trial court's grant of Appellees' motions for summary judgment and the measure of damages awarded. We affirm.

## I. *Background*

This is a commercial lease dispute. Appellees are landlords and owners of a piece of commercial property in Austin. Levertov, a Rabbi of the Jewish faith, entered into a commercial lease agreement with Appellees with the intent to use the premises to operate a Jewish day school. The lease term was for a five-year period to commence on August 1, 2005. The lease provided for monthly rental payments that increased yearly. In December 2008, Levertov fell behind on the minimum monthly rental payments.

On July 21, 2009, Appellees sued Levertov for breach of the commercial lease agreement, seeking past-due rent from December 2008 through July 2009 of $32,244. Appellees also sought an additional $46,297, plus interest, for leasehold improvements. In light of the suit, Levertov vacated the premises in July 2009. Appellees later filed a combined traditional and no-evidence motion for summary judgment. Along with past-due rent and leasehold improvements, Appellees sought damages for lost rent from August 2009 through December 2009 in the amount of $39,370. Appellees sought no rent beyond December 2009 because they successfully re-leased the property to a new tenant whose lease began on January 1, 2010.

Levertov answered with a general denial and asserted affirmative defenses. As to Appellees' claim for leasehold improvements, Levertov asserted fraudulent misrepresentation and estoppel. Levertov also claimed he was entitled to offsets against any claims for unpaid rent because Appellees failed to provide a suitable, habitable, and usable lease space. Levertov also asserted the affirmative defense of Appellees' breach of their duty to mitigate damages in re-leasing the premises. The trial court granted summary judgment as to Appellees' claim for rent owed

2

prior to Levertov vacating the premises in July 2009 and for attorneys' fees, but denied summary judgment as to all other requested relief.

After the trial court's grant of partial summary judgment, each party filed additional motions for summary judgment. Levertov filed a traditional motion for summary judgment, and in it, he relied on his affirmative defenses to Appellees' claims for leasehold improvements and post-eviction rent. Appellees' filed a combined traditional and no-evidence motion for summary judgment in which it also addressed the issues of leasehold improvements and post-eviction rent. Appellees claimed that, as a matter of law, they should be awarded at least two months' lost rent and at least $20,000 for the cost of leasehold improvements.

After conducting a hearing on the competing motions, the trial court granted, in part, summary judgment and awarded Appellees five months' lost rent in the amount of $39,370, but denied summary judgment as to Appellees' claims for the cost of leasehold improvements. The trial court also denied Levertov's motion for summary judgment on his affirmative defenses. Appellees then nonsuited their claim for leasehold improvements, and the trial court entered final judgment in favor of Appellees. Levertov now appeals.

## II. *Issues Presented*

Levertov presents four issues for review. First, Levertov contends that the trial court erred when it granted Appellees' no-evidence motion for summary judgment with respect to Levertov's affirmative defense because Levertov presented more than a scintilla of evidence that he claims raised a genuine issue of material fact as to Appellees' breach of the warranty of suitability. Second, Levertov contends that the trial court erred when it granted Appellees' traditional motion for summary judgment on their claim for post-eviction rent because Levertov raised a genuine issue of material fact as to the affirmative defense of failure to mitigate. Third, Levertov contends that the trial court improperly

awarded post-eviction rent for a five-month period because that award contravened Appellees' request for rent covering only a two-month period. Fourth, Levertov contends that the trial court used an improper method of calculation for its award of post-eviction rent.

### III. *Standard of Review*

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). The party that files a no-evidence motion for summary judgment alleges that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial; the adverse party then must respond with evidence to raise a genuine issue of material fact on each of the challenged elements in the claim or defense. *See* TEX. R. CIV. P. 166a(i).

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). With a no-evidence motion, we review the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Id.* (citing *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Id.* at 751 (quoting *Merrell Dow*, 953 S.W.2d at 711).

A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* at 750–51 (citing TEX. R. CIV. P. 166a(i) and *Wal-Mart Stores,*

4

*Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002)). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Id.* at 751 (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharm.*, 953 S.W.2d at 711).

The movant for traditional summary judgment must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who moves for traditional summary judgment must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).

When competing summary judgment motions have been filed and one motion is granted and the other is denied, we consider all of the summary judgment evidence and determine all the questions presented. *Comm'rs Court of Titus Cnty. v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). If the trial court's order on summary judgment does not specify the grounds on which it is based, the appellant must negate all grounds on appeal. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

## IV. *Analysis*

The trial court granted a traditional summary judgment in favor of Appellees on their breach-of-lease claim. To prevail in an action for breach of lease, the landlord must prove (1) that a valid contract existed between the landlord and tenant; (2) that the landlord had a right under the contract to receive rental

payments from the tenant; (3) that the tenant breached the contract; and (4) that, because of that breach, the landlord suffered damages. *See Curtis v. AGF Spring Creek/Coit II, Ltd.*, 410 S.W.3d 511, 518 (Tex. App.—Dallas 2013, no pet.). Because Appellees' summary judgment proof facially established their right to judgment as a matter of law, it became Levertov's burden to present summary judgment evidence that raised a genuine issue of material fact as to either an element of the breach-of-lease claim or as to each element of an affirmative defense. *See Lunsford Consulting Grp., Inc. v. Crescent Real Estate Funding VIII, L.P.*, 77 S.W.3d 473, 476–77 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

### A. Warranty of Suitability

Levertov contends in his first issue that Appellees breached the implied warranty of suitability and that the lease failed due to failure of consideration. According to Levertov, the summary judgment evidence raised a genuine issue of material fact as to whether Appellees' failure to repair and maintain the air conditioning system for the leased premises constituted a breach of the warranty of suitability. Appellees answer that the warranty of suitability was waived by Levertov's acceptance of the "as-is" provision in the lease. We agree with Appellees.

A tenant's obligation to pay rent and a landlord's implied warranty of suitability are mutually dependent in a commercial lease. *Davidow v. Inwood N. Prof'l Grp.—Phase I*, 747 S.W.2d 373, 377 (Tex. 1988). A claim of breach of the implied warranty of suitability is a complete defense to nonpayment of rent. *McGraw v. Brown Realty Co.*, 195 S.W.3d 271, 275–76 (Tex. App.—Dallas 2006, no pet.). The implied warranty of suitability covers latent defects for a physical or structural defect that the landlord has a duty to repair. *Id.* The evidence must indicate that (1) latent defects existed in the leased premises at the inception of the lease and (2) such defects were vital to the premises for their intended commercial

purpose. *See id.* Whether there has been an actionable breach of the implied warranty of suitability is determined on a case-by-case basis. *Davidow*, 747 S.W.2d at 377.

The implied warranty of suitability may be contractually waived. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 340 (Tex. 2011); *Gym-N-I Playgrounds, Inc. v. Snider*, 220 S.W.3d 905, 912 (Tex. 2007). A tenant waives latent defects if he takes the premises "as is" or expressly assumes the obligation to repair. *See Gym-N-I Playgrounds*, 220 S.W.3d at 909; *7979 Airport Garage, L.L.C. v. Dollar Rent A Car Sys., Inc.*, 245 S.W.3d 488, 501 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

The commercial lease in this case contains the following provision:

> **13.     MOVE-IN CONDITION:** Tenant has inspected the leased premises and accepts it in its present (as-is) condition unless expressly noted otherwise in the lease. <u>Landlord and any agent have made no express or implied warranties as to the condition or permitted use of the leased premises or Property.</u>

Because Levertov contractually agreed to accept the premises "as-is" upon his move-in and because the lease expressly waived any implied warranties as to the condition of the leased premises, we conclude that Levertov waived the implied warranty of suitability as a defense to the nonpayment of rent. We hold that the trial court did not err when it granted Appellees' no-evidence motion with respect to Levertov's defense. Levertov's first issue is overruled.[1]

### B. Duty to Mitigate Damages

Levertov contends in his second issue that the trial court improperly concluded that Levertov had not raised a fact issue on the affirmative defense of mitigation and, thus, that the trial court erred when it granted Appellees' traditional

---

[1]Levertov did not appeal the denial of his motion for summary judgment on his affirmative defenses.

motion for summary judgment for rent that accrued after Levertov vacated the premises. The Property Code imposes a duty on a landlord to mitigate damages if a tenant abandons the leased premises in violation of the lease. *See* TEX. PROP. CODE ANN. § 91.006(a) (West 2007). This duty requires the landlord to use objectively reasonable efforts to re-lease the premises when the tenant vacates in breach of the lease. *See Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc.*, 948 S.W.2d 293, 299 (Tex. 1997); *White v. Harrison*, 390 S.W.3d 666, 675 (Tex. App.—Dallas 2012, no pet.). The reasonableness of the landlord's efforts to avoid damages is an issue for the factfinder. *See White*, 390 S.W.3d at 675. If a landlord fails to use reasonable efforts to mitigate damages, his recovery from the tenant is barred if damages reasonably could have been avoided. *Austin Hill Country Realty*, 948 S.W.2d at 300.

Although the landlord holds the duty to mitigate damages, the tenant must prove that the landlord has mitigated or failed to mitigate damages and the amount by which the landlord reduced or could have reduced its damages. *See id.* at 299; *Neel v. Tenet Health Sys. Hosps. Dallas, Inc.*, 378 S.W.3d 597, 607 (Tex. App.—Dallas 2012, pet. denied). A defendant is not entitled to any reduction for damages if he does not prove the damages that could have been avoided. *Austin Hill Country Realty*, 948 S.W.2d at 299; *Hoppenstein Props., Inc. v. Schober*, 329 S.W.3d 846, 849 (Tex. App.—Fort Worth 2010, no pet.).

We hold that the trial court did not err when it found that there was no genuine issue of material fact on Appellees' failure to mitigate damages because Levertov provided no evidence of the damages that could have been avoided if Appellees had properly mitigated. *See Cole Chem. & Distrib., Inc. v. Gowing*, 228 S.W.3d 684, 688–89 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *see also CBS Outdoor, Inc. v. Potter*, No. 01-11-00650-CV, 2013 WL 269091, at *11 (Tex. App.—Houston [1st Dist.] Jan. 24, 2013, pet. denied). Levertov's mitigation

8

defense complained of Appellees' inconsistent discovery responses regarding their efforts in locating a replacement tenant. But the summary judgment evidence does not show what efforts should have been made or how such efforts would have altered the damages awarded. Levertov provided no evidence of the availability of a different tenant or how much a new tenant would have paid for rent. Levertov has not provided any summary judgment evidence with any dollar amount or method of calculation by which his damages should be reduced for Appellees' alleged failure to mitigate. We overrule Levertov's second issue.

*C. Damages*

Levertov's third and fourth issues challenge the measure of post-eviction damages awarded to Appellees by summary judgment. In his third issue, Levertov complains of the trial court's decision to award damages for the payment of five months' rent that accrued after Levertov vacated the premises. In his fourth issue, Levertov complains of the trial court's method of calculating damages. We address each in turn.

Levertov argues in his third issue against the trial court's award of five months' rent because the trial court previously denied summary judgment as to post-eviction rent. A trial court may reconsider and reverse its prior ruling on a partial summary judgment, and a trial court can properly grant a summary judgment after having previously denied the same motion. *See Elder Const., Inc. v. City of Colleyville*, 839 S.W.2d 91, 92 (Tex. 1992); *Jabri v. Qaddura*, 108 S.W.3d 404, 412 (Tex. App.—Fort Worth 2003, no pet.). Levertov's threshold argument is without merit.

Levertov further contends that the trial court erroneously awarded damages beyond those requested by Appellees. Appellees' Motion for Summary Judgment On Remaining Issues provided that Appellees "lost additional rents between August and December 31, 2009, in the amount of $39,370.00 due to [Levertov's]

breach." Appellees' motion further provided that Levertov was evicted from the leasehold at the end of July 2009 and that efforts to clean and renovate the property for the new tenant took five months. Appellees then requested that "at lease [sic] two (2) additional months of Leasehold rentals be awarded to [Appellees]. As a matter of law, two months is a reasonable time to perform the work required due to [Levertov's] breach." In their prayer for relief, Appellees requested "Judgment against [Levertov] for all sums lawfully due and owing [Appellees] on the subject Lease." Levertov argues on appeal that the trial court's award of damages for the payment of five months' rent that accrued after Levertov vacated the premises was an abuse of discretion because Appellees merely requested two months' lost rent rather than five months' lost rent.

Summary judgments may only be granted upon grounds expressly asserted in the summary judgment motion. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam). A trial court cannot grant more relief than was requested by a motion for summary judgment, and a judgment that grants more relief than requested is subject to reversal. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 202 (Tex. 2001).

In instances when an appellate court has reversed summary judgment because a party was granted more relief than it requested in its motion for summary judgment, the motion for summary judgment wholly failed to address a claim of relief or theory of liability. *See, e.g.*, *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911–12 (Tex. 1997); *Bever Props., L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, 355 S.W.3d 878, 886–87 (Tex. App.—Dallas 2011, no pet.); *Rust v. Tex. Farmers Ins. Co.*, 341 S.W.3d 541, 552 (Tex. App.—El Paso 2011, pet. denied); *Muston v. Nueces Cnty. Sheriff's Dep't*, 122 S.W.3d 469, 473 (Tex. App.—Corpus Christi 2003, no pet.). Levertov has not cited, and we cannot find, any cases in which there was a reversal due to a discrepancy between the

10

award of damages and the damages requested in the motion for summary judgment. Appellate courts have found error when the trial court entered judgment on issues that were never presented to it. That is not the case here. Rather, Appellees' motion for summary judgment properly raised the issue of damages for the payment of rent that accrued after Levertov vacated the premises.

Although Appellees requested at least two months of lost rent, they did not cap their request at two months' rent. Appellees' motion for summary judgment, viewed as a whole, requested relief for the full five-month period of post-eviction rent, while indicating Appellees would accept damages for a lesser amount within the trial court's discretion. Therefore, the trial court did not award more relief than Appellees requested when it granted summary judgment on the payment of lost rent for the five-month period after Levertov vacated the premises. Having dismissed each of Levertov's arguments, we overrule his third issue on appeal.

In his fourth issue, Levertov argues that the trial court erred when it awarded damages for post-eviction rent based on the minimum monthly rent rather than the present value of future rentals. When a tenant breaches a lease by abandoning the property and terminating rental payments, the landlord has four remedies available. *See Austin Hill Country Realty*, 948 S.W.2d at 300. Because this suit involved an anticipatory breach, only two of the four remedies were available to Appellees. *See id.*; *Hoppenstein Props., Inc. v. McLennan Cnty. Appraisal Dist.*, 341 S.W.3d 16, 20–21 (Tex. App.—Waco 2010, pet. denied).

First, a landlord in Appellees' situation can treat the tenant's conduct as an anticipatory breach of the lease and repossess the property. *See Austin Hill Country Realty*, 948 S.W.2d at 300. Under this remedy, the landlord can recover the present value of the future rentals under the lease, reduced by the reasonable cash market value of the premises for the unexpired term. *Id.* The second option permits a landlord to treat the tenant's conduct as an anticipatory breach of the

lease, repossess the property, and lease it to a new tenant. *Id.* Under the second remedy, the landlord can recover the contractual rent reduced by the amount the landlord receives from the new tenant. *Id.*

Appellees argue that they chose the second remedy, i.e., to treat Levertov's conduct as an anticipatory breach of the lease, repossess the property, and lease it to a new tenant. Because renovations took five months to complete, the rent received from the new tenant was zero for a five-month period after Levertov vacated the premises. Thus, according to Appellees, the damages award followed their chosen remedy.

Appellees provided proof of the contract and the amount due under the contract. They also provided proof that Levertov failed to pay any rent after he breached the lease and vacated the premises. During the five-month period for which damages for post-eviction rent were awarded, Appellees received no rent for the premises. In response to Appellees' motion for summary judgment, Levertov, as the tenant, had the burden to raise a genuine issue of material fact as to his affirmative defense of mitigation. As we noted above, a tenant has the burden to prove not only that the landlord has mitigated or failed to mitigate damages but also the amount by which the landlord reduced or could have reduced its damages. *See id.* at 299; *Neel*, 378 S.W.3d at 607. A tenant is not entitled to any reduction for damages if he does not prove the damages that could have been avoided. *Austin Hill Country Realty*, 948 S.W.2d at 299; *Schober*, 329 S.W.3d at 849. Levertov failed to raise a genuine issue of material fact as to the amount of rent that Appellees received from the new tenant. Thus, the trial court did not err in awarding Appellees the contractual rent for the five-month period covered by Levertov's lease for which Appellees received no rent from any tenant. The fourth issue is overruled.

12

## V. *Conclusion*

Having overruled each of Levertov's issues on appeal, we affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


February 27, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.