Opinion filed July 10, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00137-CV

_____

## IN RE LEWIS CASING CREWS, INC.

**Original Mandamus Proceeding**

### MEMORANDUM OPINION

Relator, Lewis Casing Crews, Inc., filed this mandamus proceeding after the trial court issued an order denying its motion for designation of Diamond D Slickline Service Company, Inc. as a responsible third party pursuant to Section 33.004 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (West Supp. 2013). We conditionally grant relief.

This is a personal injury case brought by Real Party in Interest, David G. Tinnie, arising from an incident that occurred on a drilling rig. Tinnie was employed by Diamond D, and he allegedly was acting in the course and scope of his employment at the drilling rig when the incident occurred. Tinnie alleged that he was injured when a "winch line with an attached lifting hook" was dropped or

fell off the rig and struck him. Tinnie sued Lewis Casing; Viking Drilling, L.L.C.; BNB Consulting & Services, Inc.; Energen Resources Corporation; and Schlumberger Limited. Tinnie alleged negligence and gross negligence claims against the defendants, and he sought to recover damages in excess of $1,000,000.

Lewis Casing filed a motion for designation of responsible third party in which it sought leave to designate Tinnie's employer, Diamond D, as a responsible third party. Lewis Casing alleged that Diamond D's negligence was the cause or a contributing cause of any alleged harm to Tinnie. Tinnie filed a timely objection to the motion for designation. He asserted that the trial court should deny the motion on the ground that Lewis Casing "ha[d] not pled sufficient facts concerning the alleged responsibility of [Diamond D] to satisfy the pleading requirements of the Texas Rules of Civil Procedure."

Lewis Casing filed a supplement to its motion for designation. The supplement included additional allegations related to Diamond D's alleged responsibility for the accident. The trial court conducted a hearing on Lewis Casing's motion. At the hearing, Tinnie's counsel asserted that the motion to designate was "premature" because the case was in its early stage with a lack of discovery. After hearing the arguments from counsel, the trial court stated, "No, I think the motion is premature. Your motion is denied." The trial court entered a written order denying the motion. The trial court did not grant Lewis Casing leave to replead.

Lewis Casing filed a motion in which it requested the trial court to reconsider its ruling. Alternatively, Lewis Casing requested leave to replead. The trial court entered an order denying the motion to reconsider.

Lewis Casing has filed a petition for writ of mandamus to challenge the trial court's order denying Lewis Casing's motion for designation of Diamond D as a responsible third party. In its sole issue, Lewis Casing contends that the trial court

2

clearly abused its discretion by denying the motion, and Lewis Casing also contends that it has no adequate remedy by appeal.

To obtain mandamus relief, a relator must show both a clear abuse of discretion by the trial court and the lack of an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). A court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *In re NITLA S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). Whether a remedy by appeal is adequate depends heavily on the circumstances presented. *Prudential*, 148 S.W.3d at 136–37; *In re Estate of Hutchins*, 391 S.W.3d 578, 583 (Tex. App.—Dallas 2012, orig. proceeding). An appellate remedy is not inadequate merely because it may involve more cost or delay than obtaining mandamus relief. *Walker*, 827 S.W.2d at 842.

Under the Texas proportionate responsibility statute, a responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." CIV. PRAC. & REM. § 33.011(6) (West 2008). The proportionate responsibility statute provides a framework for apportioning percentages of responsibility in the calculation of damages in any case in which more than one person, including the plaintiff, is alleged to have caused or contributed to cause the harm for which recovery of damages is sought. *Id.* § 33.003; *Challenger Gaming Solutions, Inc. v. Earp*, 402 S.W.3d 290, 292–93 (Tex. App.—Dallas 2013, no pet.).

Section 33.004(a) of the Civil Practice and Remedies Code provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." CIV.

PRAC. & REM. § 33.004(a). The defendant must file the motion at least sixty days before the trial date unless the court finds that good cause exists to allow the motion to be filed later. *Id.* A court must grant the motion unless another party files an objection within fifteen days after the date the motion is served. *Id.* § 33.004(f).

Where, as in this case, an objection to the motion is timely filed, the court is required to grant leave to designate the party named in the motion as a third party, unless the objecting party establishes the following: "(1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure." *Id.* § 33.004(g). In determining whether to grant a motion for leave to designate a responsible third party, a trial court is restricted to evaluating the sufficiency of the facts pleaded by the movant and is not permitted to engage in an analysis of the truth of the allegations or consider evidence on the third party's ultimate liability.[1] *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 62 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding).

Lewis Casing contends that it pleaded sufficient facts concerning the alleged responsibility of Diamond D and that, therefore, the trial court clearly abused its discretion when it denied the motion. Tinnie contends that Lewis Casing's

---

[1] A party may challenge the sufficiency of the evidence to support the designation of a responsible third party after there has been adequate time for discovery in a case. CIV. PRAC. & REM. § 33.004(*l*). Specifically, "a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." *Id.* The court is required to grant the motion to strike "unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id.*

allegations were insufficient to satisfy Section 33.004(g). Accordingly, Tinnie contends that the trial court did not abuse its discretion when it denied the motion.

The issue before the trial court at the hearing on Lewis Casing's motion for designation was whether Lewis Casing had pleaded "sufficient facts concerning the alleged responsibility of [Diamond D] to satisfy the pleading requirement of the Texas Rules of Civil Procedure." CIV. PRAC. & REM. § 33.004(g)(1). Texas follows a "fair notice" standard for pleading. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). Rules 45 and 47 of the Texas Rules of Civil Procedure require that pleadings give fair notice of the claim asserted. *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494 (Tex. 1988). The "fair notice" standard for pleading is satisfied if the opposing party can ascertain from the pleading the nature, the basic issues, and the type of evidence that might be relevant to the controversy. *Low*, 221 S.W.3d at 612. A petition is sufficient if a cause of action or defense may be reasonably inferred from what is specifically stated. *McGraw v. Brown Realty Co.*, 195 S.W.3d 271, 275 (Tex. App.—Dallas 2006, no pet.).

Tinnie alleged in his petition that each of the defendants committed acts and omissions that constituted negligence and gross negligence and that those acts and omissions were a proximate cause of the incident in question and the injuries and damages that he sustained and suffered. Lewis Casing alleged in its motion for designation that Diamond D failed to provide adequate safety training, equipment, and employee supervision and that Diamond D failed to create and maintain a safe work environment for Tinnie. Lewis Casing also alleged that "[Diamond D's] negligence was the cause or contributing cause of any alleged harm to [Tinnie]." Lewis Casing alleged in its supplemental motion that Diamond D failed to exercise ordinary care and that Diamond D's failure to exercise ordinary care was a proximate cause of the accident in question. Additionally, Lewis Casing alleged that, under the doctrine of respondeat superior, Diamond D was vicariously liable

for the negligent acts and omissions of its supervisors. Lewis Casing alleged that the supervisors and Tinnie were negligent in a number of respects, including that they failed to follow instructions that they had been given; that, contrary to instructions, they did not wait to begin their work until all work above them on the rig was concluded; that they failed to keep a proper lookout; that they failed to delay or stop their work until it could proceed safely; and that they failed to sufficiently communicate with other workers on site in an effort to ensure that Diamond D's work could proceed in an orderly and safe sequence.

Lewis Casing specifically alleged that Diamond D's negligence caused or contributed to cause the harm for which Tinnie sought recovery of damages. We conclude that Lewis Casing's allegations concerning the alleged responsibility of Diamond D are sufficient to satisfy the fair-notice pleading requirement; an opposing party can ascertain from the allegations the nature and basic issues of the controversy and what type of evidence might be relevant. The trial court apparently denied Lewis Casing's motion to designate Diamond D as a responsible third party on the ground that the motion was "premature." However, "pre-maturity" is not a proper ground to deny a motion to designate a responsible third party. Instead, a motion to designate a responsible third party may be denied only if a defendant fails to plead sufficient facts after the defendant has been granted leave to replead. CIV. PRAC. & REM. § 33.004(g). Because Lewis Casing's allegations provided fair notice of its claim, we conclude that the trial court clearly abused its discretion when it denied Lewis Casing's motion for designation of Diamond D as a responsible third party.

We next address whether Lewis Casing has an adequate remedy by appeal. Texas intermediate appellate courts have reached different conclusions on the issue of whether there is an adequate remedy by appeal from a trial court's erroneous denial of a motion for leave to designate a responsible third party. Several courts

6

have granted mandamus relief from a trial court's erroneous ruling on an issue related to the designation of a responsible third party. *See, e.g.*, *In re Smith*, 366 S.W.3d 282, 288–89 (Tex. App.—Dallas 2012, orig. proceeding); *In re Brokers Logistics, Ltd.*, 320 S.W.3d 402, 408–09 (Tex. App.—El Paso 2010, orig. proceeding); *In re Arthur Andersen LLP*, 121 S.W.3d 471, 485–86 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). Other courts have denied mandamus relief based on the conclusion that the relators failed to show the lack of an adequate remedy by appeal. *See, e.g.*, *Unitec Elevator*, 178 S.W.3d at 63–66; *In re Martin*, 147 S.W.3d 453, 460 (Tex. App.—Beaumont 2004, orig. proceeding). Based on our analysis, and as discussed below, we agree with the sound reasoning of those courts that have concluded that there is no adequate remedy by appeal in such cases. *See Brokers Logistics*, 320 S.W.3d at 408–09; *Andersen*, 121 S.W.3d at 485–86.

Tinnie argues that mandamus relief should be granted from a trial court's erroneous denial of a motion to designate a responsible third party only in "rare, highly complex" cases that involve the type of "extraordinary circumstances" that were present in *Andersen*, which involved the "enormity of the facts surrounding the collapse" of Enron. *Andersen*, 121 S.W.3d at 486. Tinnie relies on *Unitec Elevator* to support his argument. In *Unitec Elevator*, the court characterized the case before it as a "relatively straightforward personal injury action." *Unitec Elevator*, 178 S.W.3d at 65. Because the case did not present extraordinary circumstances such as those that were presented in *Andersen*, the *Unitec Elevator* court concluded that the relators had an adequate remedy by appeal. *Id.* at 65–66.

Tinnie contends that, unlike *Andersen*, this case does not involve extraordinary circumstances because "[t]he case at bar is a straightforward negligence matter" and "is not an overly complex case." Based on these contentions, Tinnie asserts that Lewis Casing has an adequate remedy by appeal.

7

We disagree with Tinnie's assertion that mandamus relief should be limited to those cases that involve circumstances similar to those involved in *Andersen*. Courts have not limited grants of mandamus relief to such cases. *Smith*, 366 S.W.3d at 288–89; *Brokers Logistics*, 320 S.W.3d at 408–09. Additionally, although Tinnie contends that this case is a straightforward negligence matter, the record shows that he has sued five sophisticated business defendants, and he seeks to recover in excess of $1,000,000 in damages. The case will involve extensive discovery; the liability and damages issues likely will be hotly contested; a trial would be lengthy; and if the case goes to trial, the trier of fact will be asked to apportion liability, if any, among the parties.

The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). In evaluating benefits and detriments, we consider whether mandamus review will preserve important substantive and procedural rights from impairment or loss. *Id.* Under the proportionate responsibility statute, Lewis Casing has the right to have one jury apportion liability among all responsible parties. *See* CIV. PRAC. & REM. § 33.003(a); *Brokers Logistics*, 320 S.W.3d at 408; *Andersen*, 121 S.W.3d at 485–86. A grant of mandamus relief would preserve Lewis Casing's valuable right to have the trier of fact determine Diamond D's percentage of responsibility for Tinnie's injuries and damages. *Brokers Logistics*, 320 S.W.3d at 408.

This case is distinguishable from *Martin*, in which the Beaumont Court held that an adequate appellate remedy existed. *See Martin*, 147 S.W.3d at 459–60. In that case, the court noted that, based on the facts before it, "a separate post-judgment lawsuit for contribution is an available remedy." *Id.* at 459. Here, Lewis Casing does not have the ability to seek contribution from Tinnie's employer, Diamond D, because Diamond D has provided Tinnie with workers' compensation

8

benefits.[2] TEX. LAB. CODE ANN. § 408.001 (West 2006); *Lee Lewis Constr., Inc. v. Harrison*, 64 S.W.3d 1, 19 (Tex. App.—Amarillo 1999), *aff'd*, 70 S.W.3d 778 (Tex. 2001).

In addition to impairment of rights, we consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Team Rocket*, 256 S.W.3d at 262 (quoting *Prudential*, 148 S.W.3d at 136). In this case, the trial court's ruling could be reviewed on appeal if Lewis Casing receives an adverse judgment. However, in order to obtain a reversal, Lewis Casing would be required to show that the trial court's error probably caused the rendition of an improper judgment or probably prevented it from properly presenting the case to the court of appeals. *See* TEX. R. APP. P. 44.1(a). The denial of Lewis Casing's right to designate Diamond D as a responsible third party "would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [Lewis Casing's] defense in ways unlikely to be apparent in the appellate record." *Brokers Logistics*, 320 S.W.3d at 408; *see also In re Oncor Elec. Delivery Co.*, 355 S.W.3d 304, 306 (Tex. App.—Dallas 2011, orig. proceeding). On such an appellate record, it is possible that Lewis Casing would be unable to obtain relief on direct appeal from the trial court's clearly erroneous ruling. *Brokers Logistics*, 320 S.W.3d at 408. Thus, the trial court's error may not be adequately addressed by an appeal. *Oncor*, 355 S.W.3d at 305.

We must also consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Team Rocket*, 256 S.W.3d at 262 (quoting *Prudential*, 148 S.W.3d at 136). There will be a substantial waste of the litigants'

---

[2]An employer that is a subscriber to workers' compensation insurance may be designated as a responsible third party under Section 33.004 of the Civil Practice and Remedies Code. *See Unitec Elevator*, 178 S.W.3d at 58 n.5.

time and money if they proceed to trial without the trial court's error being corrected, proceed through a direct appeal only to have the judgment reversed, and then retry the entire case with Diamond D designated as a responsible third party. We recognize that the additional time and expense of participating in a second trial does not, standing alone, justify the issuance of a writ of mandamus. *Walker*, 827 S.W.2d at 842. However, when a trial court's error will cause a waste of judicial resources, an appellate court may properly consider that factor in determining the adequacy of a remedy by appeal. *Id.* at 843; *Brokers Logistics*, 320 S.W.3d at 409. In this case, the potential waste of resources, when combined with the possibility that Lewis Casing may be unable to successfully prosecute an appeal from an adverse judgment, supports the conclusion that Lewis Casing does not have an adequate remedy by appeal. *See Brokers Logistics*, 320 S.W.3d at 409. Therefore, we conclude that Lewis Casing lacks an adequate remedy by appeal.

Because the trial court clearly abused its discretion when it denied Lewis Casing's motion for designation of Diamond D as a responsible third party and because Lewis Casing lacks an adequate remedy by appeal, we sustain the sole issue presented by Lewis Casing in its petition for writ of mandamus. Accordingly, we conditionally grant Lewis Casing's petition for writ of mandamus. The trial court is directed to vacate its March 17, 2014 "Order Denying Defendant Lewis Casing Crews, Inc.'s Motion for Designation of Responsible Third Party" and to enter a new order granting the motion for designation. The writ of mandamus will issue only if the trial court fails to act by July 30, 2014.


July 10, 2014                                                    JIM R. WRIGHT

Panel consists of: Wright, C.J.,                     JUSTICE
Willson, J., and Bailey, J.