COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | |
| BROKERS LOGISTICS, LTD. (F/K/A BROKERS LOGISTICS, INC.) AND | § | No. 08-09-00086-CV |
| BROKERS LOGISTICS GENPAR, L.L.C. (GENERAL PARTNER OF BROKERS | § | AN ORIGINAL PROCEEDING |
| LOGISTICS, LTD), | § | IN MANDAMUS |
| Relators. | § | |

## OPINION ON PETITION FOR WRIT OF MANDAMUS

Relators seek a writ of mandamus against the Honorable William E. Moody, Presiding Judge of the 34th District Court of El Paso County, Texas, to compel him to set aside an order striking the designation of Dr. Randy J. Pollet as a responsible third party. We conditionally grant relief.

## FACTUAL SUMMARY

The real party in interest, Rafael Martinez, filed suit against Relators alleging he was injured on the premises while making a delivery in the course and scope of his employment with Aeroground. Relators filed a motion for leave to designate Randy Pollet, M.D. as a responsible third party under Section 33.004 of the Civil Practice and Remedies Code, alleging that Dr. Pollet's negligence in treating Martinez's injuries caused Martinez's damages. *See* TEX.CIV.PRAC.&REM. CODE ANN. § 33.004(a)(Vernon 2008). Relators based their designation on an expert report prepared by William Blair, M.D. The trial court granted the motion and designated Dr. Pollet as a responsible third party. As permitted by Section 33.004, Martinez amended his petition within sixty days of the

designation to include a negligence claim against Dr. Pollet.[1] When Martinez did not file an expert report and *curriculum vitae* within 120 days after filing his claims against Dr. Pollet, Dr. Pollet filed a motion to dismiss pursuant to Section 74.351(b) of the Civil Practice and Remedies Code. Dr. Pollet also filed a motion for summary judgment on the ground that the two-year statute of limitations had expired. During this same time period, Martinez filed a motion to strike the designation of Dr. Pollet on the ground that Relators had not produced sufficient evidence to raise a genuine issue of fact regarding Dr. Pollet's responsibility for Martinez's injuries or damages. Initially, the trial court took Dr. Pollet's motion to dismiss and Martinez's motion to strike the designation under advisement pending discovery. Dr. Pollet challenged the trial court's failure to rule by filing a writ of mandamus and we conditionally granted relief on September 25, 2008. *See In re Randy J. Pollet, M.D.*, 281 S.W.3d 532 (Tex.App.--El Paso 2008, orig. proceeding).

On January 6, 2009, the trial court conducted a hearing on Dr. Pollet's motion to quash the deposition of Dr. Blair. During this hearing, the trial court expressed a number of concerns about the responsible third party designation being unfair to Dr. Pollet. First, Dr. Pollet's insurance carrier could take the position it did not have a duty to defend, and if the jury found Dr. Pollet was 90 percent responsible, then Dr. Pollet would have a judgment against him for medical malpractice and the insurance company could raise Dr. Pollet's premiums. Second, Dr. Pollet's medical license could be at risk in the event there was a judgment against him. A few days after this hearing, Martinez filed another motion to strike the designation because "there is no liability or responsibility of Dr. Randy J. Pollet under the Health Care Liability Act." Echoing what Judge Moody had stated

---

[1] If a person is designated under Section 33.004 as a responsible third party, a claimant is not barred by limitations from seeking to join that person provided that the claimant joins the person not later than sixty days following the designation. TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(e).

at the previous hearing, Martinez also alleged that permitting Relators to hold Dr. Pollet liable "would subject Dr. Pollet to potential licensure issues without being able to defend himself against his accuser, Dr. Blair." At the conclusion of a hearing held on February 12, 2009, Judge Moody orally granted Dr. Pollet's motion to dismiss Martinez's suit against him.[2] Following entry of a written order dismissing Martinez's suit against Dr. Pollet and severing that portion of the case into a new cause number, Martinez filed notice of appeal. The trial court also granted Martinez's motion to strike the designation of Dr. Pollet without specifying the basis for the ruling. Relators filed a mandamus petition to challenge the trial court's order striking the designation. This mandamus proceeding does not concern the dismissal of Martinez's claims against Dr. Pollet.[3]

## RESPONSIBLE THIRD PARTY DESIGNATION

In their sole issue, Relators contend that the trial court abused its discretion by striking the designation of Dr. Pollet as a responsible third party. Because Judge Moody did not specify the basis for his ruling, Relators must show that the ruling cannot be upheld on any ground asserted by Martinez in his motion to strike the designation.

To be entitled to mandamus relief, a relator must meet two requirements. First, it must show the trial court clearly abused its discretion. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate it has no adequate remedy by appeal. *Id*. at 136.

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *In re Ford Motor Company*, 165 S.W.3d 315, 317

---

[2] The trial court did not sign a written order until May 8, 2009.

[3] Because the issues in this mandamus proceeding are distinct from the issues in the direct appeal, we denied Martinez's motion to consolidate the cases.

(Tex. 2005). When reviewing the trial court's decision for an abuse of discretion, the reviewing court may not substitute its judgment for that of the trial court with respect to resolution of factual issues or matters committed to the trial court's discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985); *see Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). Review of the trial court's determination of the legal principles controlling its ruling is much less deferential. *Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled. *In re Prudential*, 148 S.W.3d at 135. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840.

*Clear Abuse of Discretion*

Chapter 33 sets forth the statutory scheme for the apportionment of responsibility in tort and deceptive trade practice actions. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 33.003. Section 33.004(a) of the Civil Practice and Remedies Code provides:

> A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(a). A court is required to grant leave to designate the named person as a responsible third party unless another party files an objection on or before the 15th day after the date the motion is served. TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(f). If an objection is timely filed, the court shall grant leave to designate unless the objecting party establishes: (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts.

TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(g). By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of the Proportionate Responsibility Chapter of the Civil Practice and Remedies Code without further action by the court or any party. TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(h).

After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damages. TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(l). The court is required to grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damages. *Id.*

The mandamus record reflects that Martinez filed an untimely objection to Relators' motion for leave to designate Dr. Pollet as a responsible third party.[4] Thus, the trial court complied with the mandate of Section 33.004(f) by entering an order which designated Dr. Pollet as responsible third party. Once Dr. Pollet was designated as a responsible third party, the only statutory ground for striking the designation is that "there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(l). Martinez asserted non-statutory grounds in his motion to strike the designation and the trial court certainly expressed concern at various hearings about the potential negative and unfair consequences of permitting the designation to stand. The first issue we must address is whether the statutory ground for striking a designation is the only permissible ground. When construing a statute, we begin with its language. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Our primary objective

---

[4] Relators served the motion for leave on June 6, 2006 and Martinez did not file his objection until July 10, 2006.

is to determine the Legislature's intent which, when possible, we discern from the plain meaning of the words chosen. *Id.*; *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). If the statute is clear and unambiguous, we must apply its words according to their common meaning without resort to rules of construction or extrinsic aids. *Shumake*, 199 S.W.3d at 284; *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999). We may consider other matters in ascertaining legislative intent, including the objective of the law, its history, and the consequences of a particular construction. *See* TEX. GOVT. CODE ANN. § 311.023(1), (3), (5)(Vernon 2005); *Shumake*, 199 S.W.3d at 284. It is a well-settled rule of statutory construction that every word of a statute must be presumed to have been used for a purpose, and those excluded must be presumed to have been excluded for a purpose. *See Quick v. City of Austin*, 7 S.W.3d 109, 123 (Tex. 1998). Because statutory construction is a question of law, we review it *de novo*. *Shumake*, 199 S.W.3d at 284.

Section 33.004(l) articulates a single ground for striking a designation of a responsible third party. If the Legislature had intended to authorize trial courts to strike designations on any other ground it could have easily indicated that intent in the statute. It did not. The trial court clearly believed it was unfair to permit the case to proceed against Dr. Pollet given that the court had dismissed Martinez's suit against him.[5] There is nothing in Section 33.004 that suggests a designation can be struck if the plaintiff's suit against the responsible third party is dismissed for some reason. To the contrary, Section 33.004 permits a claimant to sue a designated responsible

---

[5] Many of the trial court's concerns regarding the negative consequences of a judgment finding Dr. Pollet responsible for Martinez's injuries or damages are unfounded. Section 33.004(i) expressly provides that: "The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person: (1) does not by itself impose liability on the person; and (2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(i).

third party but it does not require that the claimant do so for the designation to stand. We conclude that the plain language of Section 33.004(l) reflects that the Legislature did not intend for a responsible third party designation to be struck on any ground other than the one contained in the statute.

We now consider whether the trial court's ruling can be upheld on the statutory ground. If Relators failed to produce sufficient evidence to raise a genuine issue of fact regarding Dr. Pollet's responsibility for the claimant's injury or damages, Section 33.004(l) would have required the trial court to strike the designation. On the other hand, if Relators produced evidence raising a genuine issue of fact on that issue, the trial court clearly abused its discretion by striking the designation.

Relators claim to have offered sufficient evidence to raise an issue of fact regarding Dr. Pollet's responsibility for any portion of Martinez's injury or damages. Dr. Blair's expert report described how Dr. Pollet treated Martinez's knee injury with multiple steroidal injections over a two month period along with steroidal phonophoretic treatments during physical therapy. Dr. Blair expressed grave concern over the number of steroidal treatments given in this time-frame and he believed it was more likely than not that the injections and other steroidal treatments played a significant role in the degeneration of the articular cartilage subsequently requiring a total knee replacement. The report states that Dr. Pollet's treatment of Martinez's knee injury was excessive, unnecessary, and more likely than not contributed to a rapid chondrolysis of the articular surfaces of the knee resulting in a total knee replacement. He also believed that the steroidal treatments possibly resulted in immune compromise and may have led to post-operative infection. Relators provided another report by Dr. Blair in which he concluded that: (1) the medical documentation indicates that clinical protocols initiated by Dr. Pollet resulted in a severe compromise of Martinez's left lower leg resulting in a total knee arthroplasty, which became infected and resulted in multiple

surgeries and an unknown long-term prognosis; (2) Dr. Pollet deviated from the acceptable standard of medical care established by the clinical literature and the standardized guidelines for acceptable patient care published by the American Academy of Orthopaedic Surgeons; and (3) based upon Dr. Blair's analysis of the medical records and the clinical literature, Dr. Pollet's treatment of Martinez fell below the acceptable standard of care.

We conclude that Relators produced sufficient evidence to raise a genuine issue of fact regarding Dr. Pollet's responsibility for at least a portion of Martinez's injury or damages. The trial court clearly abused its discretion by striking the designation of Dr. Pollet as a responsible third party. The only remaining issue is whether Relators have an adequate remedy by appeal.

*Inadequate Remedy by Appeal*

The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008), *citing Prudential Insurance Company of America*, 148 S.W.3d 124, 136 (Tex. 2004). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.* We have already determined that Relators presented sufficient evidence to raise a genuine issue of fact regarding Dr. Pollet's responsibility for at least a portion Martinez's injury or damages. Under these circumstances, Relators have a statutory right to demand that the trier of fact determine Dr. Pollet's percentage of responsibility for Martinez's injuries or damages. Mandamus review would preserve this valuable right.

In addition to impairment of rights, we consider whether mandamus review will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *In re Team Rocket*, 256 S.W.3d at 262, *quoting Prudential*, 148

S.W.3d at 136. The trial court's ruling certainly could be reviewed on appeal in the event Relators suffer an adverse judgment, but Relators would be required to prove that the court's error caused the rendition of an improper judgment in order to obtain a reversal. *See* TEX.R.APP.P. 44.1(a)(1). The denial of Relators' right to designate Dr. Pollet as a responsible third party would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of Relators' defense in ways unlikely to be apparent in the appellate record. *See In re Arthur Andersen, L.L.P.*, 121 S.W.3d 471, 486 (Tex.App.--Houston [14th Dist.] 2003, orig. proceeding). Thus, it is possible Relators would be unable to obtain relief on direct appeal from the trial court's clearly erroneous ruling.[6] *Id.*

Finally, we must also consider whether mandamus will spare litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Team Rocket*, 256 S.W.3d at 262, *quoting Prudential*, 148 S.W.3d at 136. It is beyond dispute that there will be a substantial waste of the litigants' time and money if they to proceed to trial without the error being corrected, proceed through the appellate process only to have the judgment reversed, and then retry the entire case with Dr. Pollet as a designated responsible third party. The additional expense and effort of preparing for and participating in those trials does not, standing alone, justify the issuance of a writ of mandamus. *See Walker*, 827 S.W.2d at 842 (remedy by appeal

---

[6] We are aware that the Fourteenth Court of Appeals has more recently denied mandamus relief in a case where the trial court refused to allow a party to designate a responsible third party within sixty days of the trial date because it found appeal was an adequate remedy. *See In re Investment Capital Corporation*, No. 14-09-00105-CV, 2009 WL 310899 (Tex.App.--Houston [14th Dist.] Feb. 4, 2009, orig. proceeding). In that case, a party attempted to designate a former defendant, SCI Funeral, as a responsible third party after the trial court had granted summary judgment in favor of SCI Funeral and dismissed it from the case. A party seeking to file the designation must show good cause for filing the motion inside of the sixty day time period. TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(a). The court of appeals did not address whether the trial court clearly abused its discretion but instead found that mandamus relief was unavailable because the facts were relatively straightforward and the error could be corrected through the regular appellate process. Our case is distinguishable because it does not concern the good cause issue as Dr. Pollet had been properly designated as a responsible third party when the trial court struck the designation for a non-statutory reason. Further, we have concluded that Relators might not be able to have the error corrected on direct appeal because it is possible the appellate record would not show how the trial court's ruling caused the rendition of an improper judgment.

not inadequate merely because it may involve more delay or cost than mandamus). Where, however, a trial court's error will cause a waste of judicial resources, an appellate court may properly consider that factor in determining the adequacy of an appeal to remedy the error in question. *See id.* at 843. The potential waste of resources, when combined with the possibility that Relators may not be able to successfully prosecute an appeal, supports our conclusion that Relators do not have an adequate remedy at law. Accordingly, we sustain the sole issue presented in the mandamus petition and conditionally grant mandamus relief. The writ will issue only if the trial court fails to withdraw its order striking the designation.

May 19, 2010

————————————————————
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, J., and Antcliff, Judge
Antcliff, Judge, sitting by assignment