

IN THE
TENTH COURT OF APPEALS

_____

No. 10-12-00207-CV

IN RE ALTEC INDUSTRIES, INC.
AND UNITED ELECTRIC COOPERATIVE SERVICES, INC.

_____

Original Proceeding

---

## MEMORANDUM OPINION

---

Altec Industries, Inc. and United Electric Cooperative Services, Inc., filed a petition for writ of mandamus requesting this Court to compel Honorable William Bosworth, Jr., the Judge of the 413th District Court of Johnson County, to vacate the Order Granting Plaintiff's Motion to Strike Designation of James Cable as a Responsible Third Party. We conditionally grant the writ.

**Standard of Review**

A writ of mandamus properly issues when the relator demonstrates that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 842 (Tex. 2009). A trial court abuses its discretion if it

reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

## Background Facts

Rex Williams was employed by James Cable, LLC dba Communicomm Services. Williams suffered an electrical shock while installing a cable television wire hookup to a residence. Williams filed suit against Altec and United Electric for design defect, negligence, premises liability, and failure to warn.[1] On December 27, 2010, Altec and United Electric filed a motion to designate James Cable as a responsible third party. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (West Supp. 2011). Williams did not file an objection to the motion, and the trial court granted the motion to designate Cable as a responsible third party. In a motion Williams filed and served on June 4, 2012, he sought to strike the designation of Cable as a responsible third party. After a hearing on the motion held on June 8, 2012, the trial court granted Williams' motion, and entered an order that Cable is not a responsible third party. Altec and United Electric filed a petition for writ of mandamus seeking to compel the trial court to vacate the order.

---

[1] Williams filed suit against other defendants who are not parties to this petition for writ of mandamus.

## Discussion

"Responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. TEX. CIV. PRAC. & REM. CODE ANN. § 33.011 (6) (West 2008). Section 33.04 of the Civil Practice and Remedies Code states:

> After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (l) (West Supp. 2011).

Williams argued in his motion to strike the designation of Cable as a responsible third party that Altec and United Electric must show an independent act on the part of Cable that caused the incident or injury. Williams contends that because there is no evidence Cable committed an independent act that was a cause of the incident or injury, the trial court should grant the motion to strike. In the response to the petition for writ of mandamus, Williams argues that the record does not support a conclusion that the acts or omissions of Cable "caused" the injury at issue.

A person is a responsible third party if he is alleged to have caused or contributed to causing the harm by negligent act or omission. TEX. CIV. PRAC. & REM. CODE ANN. § 33.011 (6) (West 2008). Altec and United Electric argue that Cable's

negligent acts and omissions of failing to adequately train Williams and failing to adequately provide him with appropriate safety equipment and a safe workplace caused the damages in this case.

Altec and United Electric provided evidence that Williams was not adequately trained by Cable. In his deposition, Gregory Booth, P.E., testified that Cable did not adequately train Williams. Booth stated that Williams' supervisor "lacks adequate knowledge of the National Electrical Safety Code" which would result in improper training of Williams on the applicable hazards. Booth said that Williams was not fully trained in and cognizant of work rules, clearances, and safety provisions associated with using a non-insulated aerial lift. Booth further stated that it would be improper training to fail to instruct Williams that trees can be conductors if put into power lines. In relation to Williams' accident, Booth stated that electrical contact occurred as a result of unintentional contact between the trees and vegetation and a part of the vehicle containing Williams, Williams himself, or both.

In his deposition, Williams stated that he thought he was protected from electrical shock while he was in the plastic aerial bucket. Williams stated that he did not know that trees and vegetation entangled in power lines can conduct electricity.

Although Williams can point to some evidence that tends to negate Cable's responsibility, we find that Altec and United Electric produced sufficient evidence to raise a genuine issue of fact regarding Cable's responsibility for at least a portion of Williams' injury or damages. *See In re Brokers Logistics, Ltd.*, 320 S.W.3d 402 (Tex. App.—

El Paso 2010, no pet.). The trial court abused its discretion by striking the designation of Cable as a responsible third party. *See In re Brokers Logistics, Ltd.*, 320 S.W.3d at 408.

## Inadequate Remedy by Appeal

The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008); *In re Brokers Logistics, Ltd.*, 320 S.W.3d at 408. The denial of the right to designate Cable a responsible third party would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of the defense in ways unlikely to be apparent in the appellate record. *See In re Brokers Logistics, Ltd.*, 320 S.W.3d at 408; *In re Arthur Andersen, L.L.P.*, 121 S.W.3d 471, 486 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). Thus, it is possible Altec and United Electric would be unable to obtain relief on direct appeal. *Id*. The potential waste of resources, when combined with the possibility that Altec and United Electric may not be able to successfully prosecute an appeal, supports our conclusion that Relators do not have an adequate remedy at law. *In re Brokers Logistics, Ltd.*, 320 S.W.3d at 409.

## Conclusion

We conditionally grant Altec and United Electric's petition for writ of mandamus and direct the trial court to set aside its June 11, 2012 order granting Williams' motion to strike designation of James Cable as a responsible third party and ordering that Cable is not a responsible third party. This case is scheduled for trial beginning June 25, 2012. The writ will issue only if the trial court fails to do so before the date the trial begins or,

in any event, within 21 days from the date of this opinion.  Altec and United Electric

filed an emergency motion for temporary stay.  That motion is dismissed as moot.


                                        AL SCOGGINS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Writ conditionally granted; Motion dismissed as moot
Opinion delivered and filed June 22, 2012
[OT06]