

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-14-00119-CV

**IN RE TAYMAX FITNESS, LLC**; SP Pavilions, LLC; RPD Property
Management Company, LLC; and Executive Security Systems, Inc. of America

Original Mandamus Proceedings[1]

Opinion by:  Rebeca C. Martinez, Justice
Dissenting Opinion by:  Karen Angelini, Justice

Sitting:      Karen Angelini, Justice
              Rebeca C. Martinez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  May 7, 2014

Because I believe the trial court clearly abused its discretion in denying relators' motions

for leave to designate a responsible third party, and further that relators have no adequate remedy

by appeal, I respectfully dissent.

**Background**

The allegations in the underlying case are that Yu Masaki shot and killed Juan Carlos

Escamilla and seriously injured Margaret McCombs outside of a Planet Fitness gym in 2012. Suit

was filed by Michelle Montemayor as next friend of Escamilla's minor son in February 2012.

Montemayor sued Taymax Fitness, the operator of the Planet Fitness location and Escamilla's

---

[1] This proceeding arises out of Cause No. 2012-CI-01966, styled *Michelle Montemayor, as Next Friend of Jordan Escamilla, A Minor v. Taymax Fitness, LLC; SP Pavilions, LLC; RPD Property Management Company, LLC; Transwestern Commercial Services, LLC; and Yu Masaki*, pending in the 288th Judicial District Court, Bexar County, Texas, the Honorable David A. Canales presiding.

employer; SP Pavilions, the owner of the shopping center in which the Planet Fitness was located; RPD Property Management; Transwestern Communications Services; and Yu Masaki. Transwestern Communications was later non-suited and Executive Security Systems, the company providing security at the shopping center, was added as a defendant. Margaret McCombs filed a petition in intervention in April 2012. A second intervention was filed later that year on behalf of Leticia Rodriguez and Pablo Escamilla, Juan Escamilla's parents, individually and on behalf of their son's estate.

Although Masaki is a named defendant in the lawsuit and has been served with citation by Montemayor and Escamilla's parents, relators assert Masaki has not filed an answer or made an appearance in the civil litigation. Yu Masaki was arrested in connection with the shooting and pled guilty to the offenses of murder and aggravated assault. He is currently serving a life sentence on the murder conviction and a 20-year sentence for aggravated assault.

Taymax filed the first motion for leave to designate Masaki as a responsible third party in January 2013. RPD and SP Pavilions filed a similar joint motion in May 2013. McCombs filed written objections to each of the motions. After a hearing, the trial court entered an order denying the motions of all three parties on October 15, 2013.

After Executive Security was added as a defendant, it also filed a motion for leave to designate Masaki as a responsible third party in October 2013. RPD and SP Pavilions filed a second joint motion to conditionally designate Masaki in October 2013, seeking to designate Masaki "in the event direct claims against him are non-suited or otherwise dismissed before trial." Taymax filed a motion to reconsider the denial of its original motion for leave. McCombs and Escamilla's parents filed objections to the second round of motions to designate. The trial court entered a second order on December 3, 2013, also complained of in this mandamus proceeding, denying RPD and SP Pavilions' motions to conditionally designate Masaki as a responsible third

party, Executive Security's motion for leave to designate Masaki, and Taymax's motion to reconsider the denial of its first motion. Relators Taymax Fitness, SP Pavilions, RPD Property Management, and Executive Security Systems filed this mandamus proceeding complaining of the trial court's two orders denying their motions to designate Masaki as a responsible third party.

**Discussion**

Relators contend that Masaki meets the statutory definition for designation, relators' motions were timely filed, and that the motions contained sufficient facts regarding Masaki's alleged responsibility for the injuries for which plaintiffs sought recovery of damages. Therefore, relators contend the trial court had no discretion to deny their requests to designate Masaki as a responsible third party.[2]

Section 33.011(6) defines a "responsible third party" as "**any person** who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6) (West 2008) (emphasis added). Absent timely objection by another party, the trial court "**shall** grant leave to designate the named person as a responsible third party." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f) (West Supp. 2012) (emphasis added). If a timely objection is filed, the court is still required to grant leave to designate unless the objecting party is able to establish that the defendant has not pled sufficient facts regarding the person's alleged responsibility and, after an opportunity to replead, the defendant is still unable to plead sufficient facts regarding the

---

[2] Relators argue that they are entitled to have Masaki designated as a responsible third party even though he is currently a defendant because of relators' concern that real parties will non-suit Masaki on the eve of trial. Although at that point relators could re-urge their motion to designate Masaki as a responsible third party, under the statute, they would have the added burden of demonstrating good cause, a showing they do not have to make on a timely request to designate. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a) (West Supp. 2012). In fact, relators attempted to obtain a Rule 11 agreement from real parties that real parties would not non-suit Masaki; however, real parties declined to do so. Thus, according to relators, they cannot be assured of having Masaki's liability presented to the jury unless he is designated as a responsible third party.

person's alleged responsibility to satisfy the statute. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(g) (West Supp. 2012).

Although McCombs's objection to Taymax's first motion includes the argument that Taymax did not plead sufficient facts regarding Masaki's alleged responsibility, this was not the focus of the written objection nor of the argument presented at the hearing. McCombs's objections to RPD's first motion and RPD and SP's second motion to conditionally designate do not contain any objection on the basis that the motions failed to include sufficient facts. The primary argument asserted by the real parties in interest in opposition to all of the motions to designate Masaki is that he cannot be both a defendant and a responsible third party at the same time. There is, however, no language in the statute prohibiting a dual characterization. There is also no basis in the statute for the trial court to deny leave to designate for any reason other than the failure to plead sufficient facts as to the person's alleged responsibility.

Prior to the 2003 amendments to chapter 33, the definition of a "responsible third party" was limited to a "person who could have been, **but was not**, sued by the claimant." Act of May 8, 1995, 74th Leg., ch. 136, § 1, 1995 Tex. Gen. Laws 971 (amended 2003) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6)) (emphasis added). This statutory language, which has now been removed, limited responsible third parties to persons who were not already defendants. Similarly, section 33.004 used to read, "a defendant may seek to join a responsible third party **who has not been sued** by the claimant." Act of May 8, 1995, 74th Leg., ch. 136, § 1, 1995 Tex. Gen. Laws 971 (amended 2003) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a)) (emphasis added). This language has been revised, and, currently, there is nothing in the statute to prevent a person who has been sued by the claimant from also being designated as a responsible third party.

The real parties rely primarily on this court's opinion in *Flack v. Hanke*, for their contention that a person cannot be both a defendant and a responsible third party at the same time. *See Flack v. Hanke*, 334 S.W.3d 251, 262 (Tex. App.—San Antonio 2010, pet. denied). *Flack* involved a very different procedural issue, however, and should not be read so broadly as to hold that a named defendant could never also be designated as a responsible third party. In *Flack*, the court held that a party who was joined as a defendant by the plaintiff after having been designated as a responsible third party by a settling defendant, could not move to strike its own designation. *Id*. at 261-62. Once the party became a defendant, it could no longer object to its own designation as a responsible third party. It could only contest its status as a defendant. *Id*. at 262-63. The *Flack* case involved a unique set of facts and did not involve the designation of a responsible third party who, at the time of its designation, was already a named defendant. Thus, it is distinguishable.

Relators timely filed their motions to designate Masaki as a responsible third party. Further, the real parties did not establish that relators failed to plead sufficient facts. Therefore, the trial court had no discretion other than to grant the motion to designate Masaki as a responsible third party. *See In re Brokers Logistics, Ltd.*, 320 S.W.3d 402, 407 (Tex. App.—El Paso 2010, orig. proceeding) (holding the Legislature did not intend for a responsible third party to be struck on any ground other than the one contained in the statute).

### *Adequate remedy by appeal*

The real parties in interest contend that relators have an adequate remedy in the event that Masaki later settles, is non-suited, or for some other reason is not "a person from whom at the time of the submission of the case to the trier of fact, a claimant seeks recovery of damages." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(2) (West 2008). Pursuant to the statute, relators would be permitted at that time to request leave to late designate Masaki as a responsible third party on a showing of good cause. The real parties contend that it is no abuse of discretion to deny designation

at this point because Masaki is still in the case and, barring some change, will be submitted to the trier of fact. Thus, according to real parties, the possibility that Masaki may not be a defendant at the time of trial is speculative and the trial court was not required to rule based on this speculation.

Relators respond that the opportunity to seek late designation imposes an additional burden of demonstrating good cause that should not be required because relators have a statutory right to designate that has not been overcome. Texas intermediate courts of appeal have come to differing conclusions on the issue of whether there is an adequate remedy by appeal from the trial court's denial of a motion for leave to designate a responsible third party. Several courts have granted mandamus relief from a trial court's erroneous ruling on a responsible third party issue. *See In re Smith*, 366 S.W.3d 282, 289 (Tex. App.—Dallas 2012, orig. proceeding); *In re Brokers Logistics, Ltd.*, 320 S.W.3d at 408-09; *In re Arthur Andersen LLP*, 121 S.W.3d 471, 485-86 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding); *In re Altec Industries, Inc.*, No. 10-12-00207-CV, 2012 WL 2469542, at *2 (Tex. App.—Waco June 22, 2012, orig. proceeding). Others have denied mandamus relief on the basis that relators failed to establish the lack of an adequate remedy by appeal. *See In re Unitec Elevator Servs.*, 178 S.W.3d 53, 64-66 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *In re Martin*, 147 S.W.3d 453, 460 (Tex. App.—Beaumont 2004, orig. proceeding); *In re SDI Industries, Inc.*, No. 13-09-00128-CV, 2009 WL 781562, at *1 (Tex. App.—Corpus Christi Mar. 23, 2009, orig. proceeding).

In my opinion, the more reasoned opinions are those holding that there is no adequate remedy by appeal. As the El Paso court noted in *In re Brokers Logistics, Ltd.*:

> The trial court's ruling certainly could be reviewed on appeal in the event Relators suffer an adverse judgment, but Relators would be required to prove that the court's error caused the rendition of an improper judgment in order to obtain a reversal. *See* TEX. R. APP. P. 44.1(a)(1). The denial of Relators' right to designate [the RTP] as a responsible third party would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of Relators' defense in ways unlikely to be apparent in the appellate record. *See In re Arthur Andersen*

*L.L.P.*, 121 S.W.3d 471, 486 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). Thus, it is possible Relators would be unable to obtain relief on direct appeal from the trial court's clearly erroneous ruling. *Id.*

*In re Brokers Logistics, Ltd.*, 320 S.W.3d at 408.

The El Paso court further considered whether mandamus would spare the litigants and the public wasted time and money, stating:

> It is beyond dispute that there will be a substantial waste of the litigants' time and money if they proceed to trial without the error being corrected, proceed through the appellate process only to have the judgment reversed, and then retry the entire case with [the RTP] as a designated responsible third party. The additional expense and effort of preparing for and participating in those trials does not, standing alone, justify the issuance of a writ of mandamus. *See* [*Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992)] (remedy by appeal not inadequate merely because it may involve more delay or cost than mandamus). Where, however, a trial court's error will cause a waste of judicial resources, an appellate court may properly consider that factor in determining the adequacy of an appeal to remedy the error in question. *See id.* at 843. The potential waste of resources, when combined with the possibility that Relators may not be able to successfully prosecute an appeal, supports our conclusion that Relators do not have an adequate remedy at law.

*Id.* at 409.

**Conclusion**

I would conditionally grant mandamus relief in this instance because the trial court was required by the statute to grant leave to designate Masaki as a responsible third party where Masaki meets the statutory definition, the motions were timely filed and the objecting parties did not establish that defendants failed to plead sufficient facts regarding Masaki's responsibility for plaintiffs' damages. Further, relators lack an adequate remedy by appeal.

Karen Angelini, Justice