# NO. 12-13-00364-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: TRANSIT MIX CONCRETE* | § | |
| *& MATERIALS COMPANY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

By petition for writ of mandamus, Transit Mix Concrete & Materials Company challenges the trial court's order striking its designation of JMI Maintenance, Inc., Knife River Corporation, and MSA Safety Works as responsible third parties.[1]  We deny the petition.

## BACKGROUND

Jason Glen Young, the real party in interest, was injured while working at a bridge construction work site.  A Transit Mix employee delivered a load of concrete to the site and was moving his truck with the discharge chute still attached to the truck.  The chute swung out to the side and struck Young.  Young's hard hat absorbed most of the force from the chute, and was cracked by the impact.

Young sued Transit Mix.  He alleged that Transit Mix was negligent because its employee failed to properly secure the concrete delivery chute, failed to keep a proper lookout for the safety of workers in the area, and failed to operate the concrete mixer truck in a manner that would avoid an accident.

Transit Mix denied Young's allegations and asserted various affirmative defenses, including that Young's injuries were caused by his own negligence or by the conduct of third

---

[1] The respondent is the Honorable Dwight L. Phifer, Judge of the 2nd Judicial District Court, Cherokee County, Texas.

parties. Transit Mix filed a motion for leave to designate responsible third parties, including (1) JMI Maintenance, Inc., Young's employer; (2) Knife River Corporation, the general contractor for the construction project; and (3) MSA Safety Works, the manufacturer of Young's hard hat. The trial court granted Transit Mix's motion and designated the entities named in the motion as responsible third parties.

Young filed a motion to strike the designation of responsible third parties. He alleged that there was no evidence that any of the designated entities were responsible for any portion of his injuries or damages. In its response to Young's motion, Transit Mix contended that (1) JMI had a duty to properly train Young and provide proper and adequate safety equipment, (2) Knife River, as the general contractor, was responsible for Young's safety, and (3) MSA was responsible for the hard hat that was "cracked" and "faulty." Transit Mix attached Young's deposition to its response. The trial court granted Young's motion to strike.

Transit Mix filed a motion to reconsider contending that it had raised a genuine fact issue by presenting some evidence as to the responsibility of the third parties for Young's injuries and damages. The trial court denied the motion. Transit Mix then filed a petition for writ of mandamus in this court asserting that the trial court abused its discretion in striking the designation of Knife River, JMI, and MSA as responsible third parties.

### PREREQUISITES TO MANDAMUS

Ordinarily, mandamus will issue to correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). The relator has the burden of showing both prerequisites to mandamus. *See In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.—Tyler 2005, orig. proceeding).

In determining whether the trial court abused its discretion in resolving factual matters or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court and may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Walker*, 827 S.W.2d at 839-40. Therefore, to show an abuse of discretion in those matters, the relator must establish that the trial court could reasonably have reached only one decision. *Id.* at 840. A trial court also abuses its discretion if it clearly fails to analyze or apply the law correctly. *Id*.

2

The Texas Supreme Court has adopted a balancing test to determine whether a relator has an adequate remedy by appeal. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *In re AIU Ins. Co.*, 148 S.W.3d 109, 115 (Tex. 2004) (orig. proceeding). Under this balancing test, an appellate remedy is "adequate" when the detriments of mandamus review outweigh the benefits. *In re Prudential*, 148 S.W.3d at 136.

## EVIDENTIARY BURDEN–OVERCOMING A MOTION TO STRIKE

Transit Mix first contends that the trial court abused its discretion by imposing the wrong burden for overcoming Young's motion to strike the designation of responsible third parties. Specifically, Transit Mix complains that the trial court misapplied the law by requiring it to present evidence of an "actionable act or omission" to "establish liability" for the designated parties instead of evidence supporting only an allegation of "responsibility." Therefore, we must first determine what evidentiary burden Transit Mix must satisfy to defeat Young's motion.

### Principles of Statutory Construction

In construing a statute, our primary objective is to determine and give effect to the legislature's intent in enacting it. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). In determining legislative intent, we examine the entire act, not just isolated portions of it. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). We start with the plain and common meaning of the statute's words. *McIntyre*, 109 S.W.3d at 745. Unless the statute is ambiguous, we determine the legislature's intent from the language of the statute itself. *Continental Cas. Co. v. Downs*, 81 S.W.3d 803, 805 (Tex. 2002). We must presume that every word of the statute has been used for a purpose and that every word excluded from the statute has been excluded for a purpose. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995). We should not insert words into the statute except to give effect to clear legislative intent. *Id*. We presume that the legislature enacted the statute with complete knowledge of existing law and with reference to it. *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990).

### Proportionate Responsibility of Third Parties

Chapter 33 of the Texas Civil Practice and Remedies Code is entitled "Proportionate Responsibility." *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.001–.017 (West 2008 & Supp. 2013). We apply Chapter 33 to negligence claims. *See id*. § 33.002(a)(1) (West 2008). And we

3

use it to determine the percentage of responsibility of defendants, settling persons, responsible third parties, and the claimant for the harm for which relief is sought. *Id*. §§ 33.002(a)(1), 33.003(a) (West 2008).

A defendant may designate persons or entities as responsible third parties. *Id*. § 33.004(a) (West Supp. 2013).[2]  After adequate time for discovery, a claimant may move to strike the designation of a responsible third party. *Id*. § 33.004(*l*) (West Supp. 2013).[3]  When confronted with a motion to strike, a defendant must produce "sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id*.  Responsibility can be "by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these[.]" *Id*. § 33.003(a) (West 2008).  A trial court may not submit a question to the jury regarding the conduct of "any person" without sufficient evidence to support the submission. *Id*. § 33.003(b) (West 2008).

A party has produced sufficient evidence to support submission of a question to the jury when it provides more than a scintilla of evidence. *See, e.g.*, ***Elbaor v. Smith***, 845 S.W.2d 240, 243 (Tex. 1992) (citing ***Roy v. Howard-Glendale Funeral Home***, 820 S.W.2d 844, 846 (Tex. App.–Houston [1st Dist.] 1991, writ denied)); ***Cleveland Reg'l Med. Ctr., L.P. v. Celtic Props., L.C.***, 323 S.W.3d 322, 344 (Tex. App.–Beaumont 2010, pet. denied).  This occurs when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *See **King Ranch, Inc. v. Chapman***, 118 S.W.3d 752, 751 (Tex. 2003) (quoting ***Merrell Dow Pharms., Inc. v. Havner***, 953 S.W.2d 706, 711 (Tex. 1997)).  A party has produced less than a scintilla of evidence when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *See id*. (quoting ***Kindred v. Con/Chem, Inc.***, 650

---

[2] The legislature amended section 33.004 in 2011.  Because the amendments have no effect on the issues in this proceeding, we cite to the current version for ease of reference.

[3] In the trial court, Transit Mix claimed that a motion to strike the designation of a responsible third party is essentially a motion for summary judgment based on no evidence.  Although the two motions are similar, their requirements are not identical. *Compare* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(*l*) *with* TEX. R. CIV. P. 166a(i).  In a motion to strike the designation of a responsible third party, a claimant must allege that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(*l*).  In a motion for summary judgment based on no evidence, a movant must state the elements of a claim or defense on which the adverse party would have the burden of proof at trial and for which there is no evidence. TEX. R. CIV. P. 166a(i).  Young's motion to strike met the requirements of subsection 33.004(*l*).

S.W.2d 61, 63 (Tex. 1983)). For instance, under the equal inference rule, evidence of circumstances equally consistent with two facts does not rise above a scintilla of proof of either fact, and is thus no evidence of either. *See City of Keller v. Wilson*, 168 S.W.3d 802, 813 (Tex. 2005).

## Application

The legislature has mandated that, to overcome a motion to strike the designation of a responsible third party, a defendant must present sufficient evidence to raise a genuine issue of fact concerning the designated party's responsibility for the claimant's injury or damage. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(*l*). We conclude that, under this subsection, a defendant has the burden to produce sufficient evidence (more than a scintilla) for a reasonable jury to hold the third party responsible for a portion of the claimant's injury or damage. The legislature has also specified how responsibility may arise. *See id.* § 33.003(a). Therefore, we further conclude that the evidence must be sufficient (more than a scintilla) to support a finding that the responsible third party was negligent, provided a defective or unreasonably dangerous product, violated an applicable legal standard, or any combination of these. *See id.* With this burden in mind, we now examine the evidence presented to the trial court.

### THE EVIDENCE

Transit Mix contends the evidence produced to the trial court showed that (1) JMI had provided no safety training to Young, (2) Knife River was fully responsible for the safety of the work site but failed to supervise or control decisions and actions leading up to the accident, and (3) MSA manufactured a hard hat that cracked on impact rather than deflecting the chute's impact to Young's head. We examine each of these arguments in turn.

## Applicable Law

To support a finding that a third party was responsible based on negligence, a defendant must produce evidence of a legal duty owed to the claimant by the third party, a breach of that duty, and damages to the claimant proximately caused by the breach of the duty. *See Lucas v. Tex. Indus., Inc.*, 696 S.W.2d 372, 376-77 (Tex. 1984). Proximate cause comprises both cause in fact and foreseeability. *Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex. 2002). Cause in fact requires the act or omission to be a substantial factor in causing the injury "without which the harm would not have occurred." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d

5

472, 477 (Tex. 1995). Foreseeability requires that the negligent actor, as a person of ordinary intelligence, anticipated, or should have anticipated, the danger his or her negligence created for others. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549-50 (Tex. 1985).

To support a finding that a third party was responsible based on a design defect, a defendant must produce evidence regarding a third party's product that (1) a safer alternative design existed and (2) the design defect was a producing cause of the personal injury for which the claimant seeks recovery. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.005(a) (West 2011). "Safer alternative design" means a product design other than the one actually used that in reasonable probability (1) would have prevented or significantly reduced the risk of the claimant's personal injury without substantially impairing the product's utility, and (2) was economically and technologically feasible at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge. *Id*. § 82.005(b) (West 2011). Generally, these requirements necessitate competent expert testimony and objective proof that a defect caused the injury. *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004).

To support a finding that a third party was responsible based on a manufacturing defect, a defendant must produce evidence regarding a third party's product that it "deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006) (quoting *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)). The manufacturing defect must also be a producing cause of the injury. *BIC Pen Corp. v. Carter*, 346 S.W.3d 533, 541 (Tex. 2011). Generally, expert testimony is required to prove that the manufacturing defect was a producing cause of the injury. *Id*. at 542.

When presenting evidence to a court to defeat a motion, a party must specifically identify the supporting proof on file that it seeks to have considered by the trial court. *See Arredondo v. Rodriguez*, 198 S.W.3d 236, 238 (Tex. App–San Antonio 2006, no pet.). Referencing attached documents only generally does not relieve a party of directing the trial court to where in those documents the issues set forth in the response are raised. *See id*. at 238-39. Neither this court nor the trial court is required to wade through a voluminous record to marshal a party's proof. *Id*. at 238.

6

**Application**

In its response to Young's motion to strike the designation of responsible third parties, Transit Mix directed the trial court's attention to the following evidence from Young's deposition testimony:

(1) Young was employed by and working under the direction of JMI;

(2) Young filed a worker's compensation claim against JMI in which he alleged that his injuries occurred while he was in JMI's employment;

(3) Knife River was the general contractor on the project;

(4) Knife River was responsible for the safety of contractors and subcontractors;

(5) Young was wearing a hard hat purchased from Hartmann Building Specialties;

(6) The hard hat was faulty safety equipment; and

(7) Young discarded the hard hat after the accident.

Young's deposition was attached as an exhibit to the response. Transit Mix then contended that JMI, as Young's employer, had a duty to properly train Young in safety operations and provide proper safety equipment.

In Young's deposition, Transit Mix asked Young, "Other than that safety training out there at the mine site, have you had any other kind of training?" Young answered, "No, sir." Transit Mix seems to rely on this testimony as evidence that JMI provided no safety training to Young. More particularly, Transit Mix contends this evidence demonstrates that Young received no training on whether and how to manually lock the chute attached to a concrete truck. But Transit Mix never specifically called this testimony to the trial court's attention. *See id*. ("[T]he trial court is [not] required to wade through a voluminous record to marshal [a party's] proof."). And even had it done so, there is no evidence that JMI's  failure to provide a training course on whether and how to manually lock the chute attached to a concrete truck is a breach of the standard of care owed to Young or a cause of Young's accident. In fact, Young testified in his deposition that he learned safety aspects from some training books and self-study, but that he received no formal training other than at the mine site.

As for the allegation that JMI failed to provide proper safety equipment, Young's testimony is at best ambiguous.[4] In Young's deposition, Transit Mix asked Young for the location of his hard hat. Young testified that he and another man had thrown away the hard hat. When asked to explain, Young testified as follows:

> It was faulty safety equipment. You know, next day we were looking at it. You know, that was a hell of an impact, you know. And Keith says, you know you got to get rid of it. Knife River and all OSHA jobs, you can't keep damaged safety equipment. So we [threw] it in a dumpster, and I grabbed another one.

Young also related that the impact caused a two inch crack in the hard hat and that he showed the hard hat to his coworkers so they would see why hard hats were worn at the work site.

A fair reading of Young's testimony is that the hard hat was faulty after it had absorbed the impact with the chute attached to the concrete truck. Thus, it is not clear from Young's testimony that Young blamed the hard hat for any portion of his injuries. *See City of Keller*, 168 S.W.3d at 813 ("When the circumstances are equally consistent with either of two facts, neither fact may be inferred.").

Next, Transit Mix contended that Knife River was the general contractor for the construction project and was in charge of safety operations. When Transit Mix asked Young if Knife River had any responsibility over the general safety of the work site, Young testified that Knife River had full responsibility. Transit Mix followed up with "[Knife River] were the ones fully responsible?", and Young answered, "They enforce it." In addition to Young's testimony, Transit Mix attached an accident report from Knife River pertaining to Young's injury.

Transit Mix thus produced evidence that Knife River was the general contractor and was in charge of safety at the work site. However, Transit Mix wholly failed to produce evidence that Knife River breached its duty or that any such breach contributed to the harm for which Young seeks recovery.

Finally, Transit Mix contended that MSA manufactured the hard hat that Young testified "cracked" and was "faulty." As stated above, this is no evidence that the hard hat was cracked or faulty before the impact with the chute attached to the concrete truck. Further, Transit Mix failed

---

[4] In its initial response to Young's motion, Transit Mix did not specifically allege that JMI provided the hard hat to Young. But in its motion to reconsider, Transit Mix cited the portion of Young's deposition where he testified that JMI furnished the hard hat.

to present any expert testimony regarding a design or manufacturing defect or that such a defect contributed to Young's injuries in any way.

Transit Mix relies heavily on *In re Brokers Logistics, Ltd.*, 320 S.W.3d 402 (Tex. App.—El Paso 2010, orig. proceeding). In that case, however, the defendant produced two expert reports that outlined (1) the doctor's care of the claimant, (2) the duties the doctor owed to the claimant, (3) in what ways the doctor's care fell below the applicable standard of care, and (4) the injuries to the claimant that naturally flowed from the doctor's substandard treatment. *Id.* at 407-08. Thus, the El Paso court concluded that the defendant produced sufficient evidence to defeat a motion to strike the designation of a medical doctor as a responsible third party. *Id.* at 408. In this case, we have no similar evidence. Instead, we have only ambiguous statements from the claimant and an accident report from Knife River.

Based on the evidence presented to the trial court, we cannot agree that the trial court clearly abused its discretion in granting Young's motion to strike the designation of responsible third parties. Transit Mix did not produce sufficient evidence for a reasonable jury to hold JMI, Knife River, or MSA responsible for a portion of the harm incurred by Young. Stated another way, Transit Mix did not produce sufficient evidence to support a finding that JMI, Knife River, or MSA was negligent, provided a defective or unreasonably dangerous product, or violated some other applicable legal standard.

**DISPOSITION**

Because Transit Mix has not shown an abuse of discretion, we ***deny*** its petition for writ of mandamus.[5]

**BRIAN HOYLE**
Justice

Opinion delivered May 14, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[5] Because Transit Mix has failed to satisfy the first prerequisite to mandamus, we need not address the adequacy of appeal as a remedy. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 14, 2014

NO. 12-13-00364-CV

**TRANSIT MIX CONCRETE & MATERIALS COMPANY,**
Relator
v.
**HON. DWIGHT L. PHIFER**,
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **TRANSIT MIX CONCRETE & MATERIALS COMPANY**, who is the defendant in Cause No. 2010-11-0730, pending on the docket of the 2nd Judicial District Court of Cherokee County, Texas. Said petition for writ of mandamus having been filed herein on November 26, 2013, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*