

**IN THE**
**TENTH COURT OF APPEALS**

---

**No. 10-16-00112-CV**

**IN RE VOLVO GROUP NORTH AMERICA, LLC**

---

**Original Proceeding**

---

**MEMORANDUM OPINION**

---

Volvo Group North America, LLC filed a petition for writ of mandamus requesting this Court to compel Honorable William Bosworth, Jr., the judge of the 413th District Court of Johnson County, to vacate the Order Granting Plaintiff's Motion to Strike Designation of YRC Freight, Inc. as a Responsible Third Party. We conditionally grant the writ.

**Standard of Review**

A writ of mandamus properly issues when the relator demonstrates that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 842 (Tex.2009). A trial court abuses its discretion if it

reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992).

## Background Facts

This cases arises from the death of Victor Saul, a professional truck driver employed by YRC Freight. On May 29, 2013, Scott Dunn was driving southbound on I-35 when he fell asleep and his vehicle struck the guardrail and rolled over into the median. Saul was driving a tractor trailer manufactured by Volvo as he approached the accident. Saul swerved his tractor trailer to avoid the guardrail, and he lost control of the vehicle. The tractor trailer fell twenty feet off an overpass, and Saul died as a result of the accident.

Saul's family filed suit against Volvo and Dunn alleging design defect, marketing defect, negligence, and gross negligence. On August 24, 2015, Volvo filed a motion to designate YRC Freight as a responsible third party. *See* TEX. CIV. PRAC & REM. CODE ANN. § 33.004 (West 2015). On January 15, 2016, the trial court granted the motion to designate YRC Freight as a responsible third party. Plaintiffs filed a motion to strike the designation of YRC Freight as a responsible third party, and on April 4, 2016, the trial court granted the motion and entered an order that YRC Freight is not a responsible third party. Volvo filed a petition for writ of mandamus seeking to compel the trial court to vacate the order.

## Discussion

"Responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. TEX. CIV. PRAC & REM. CODE ANN. § 33.011 (6) (West 2015). Section 33.04 of the Civil Practice and Remedies Code states:

> After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

TEX. CIV. PRAC & REM. CODE ANN. § 33.004 (l) (West 2015).

The evidence shows that the tractor trailer driven by Saul was equipped with a Meritor WABCO anti-lock braking system rather than an available electronic stability control (ESC) system. In their petition, Plaintiffs allege that if the tractor trailer had been equipped with an ESC system, there would not have been any loss of control and Saul's death would have been avoided. Plaintiffs further allege that Volvo was negligent in deleting the ESC system from the tractor trailer driven by Saul and in failing to disclose to YRC Freight the importance of the ESC system or its deletion from the tractor trailer.

Volvo presented evidence that YRC Freight purchased many heavy Volvo trucks through an independent dealer in groups or lots.[1] Volvo presented evidence that YRC provided detailed specifications to the independent dealer for the tractor trailers it plans to purchase. The independent dealer, Volvo, and YRC review the proposed building specifications in detail. YRC reviews and approves the specifications before a pilot vehicle is assembled. Volvo builds a pilot vehicle, which is inspected and approved by YRC. Volvo then assembles the remainder of the tractor trailers in the group or lot.

The ESC system was not required for heavy trucks at the time of the purchase of the tractor trailer driven by Saul or at the time of the accident. YRC Freight purchased the Volvo tractor trailer equipped with an anti-lock braking system rather than the ESC system. Volvo contends that YRC Freight reviewed and approved the specifications for the tractor trailer driven by Saul.

The absence of the ESC system is central to Plaintiff's causes of actions. We find that Volvo provided sufficient evidence to raise a genuine fact issue regarding YRC's responsibility for the absence of the ESC system. The trial court abused its discretion by striking the designation of YRC Freight as a responsible third party. *See In re Brokers Logistics, Ltd.*, 320 S.W.3d 402, 408 (Tex. App.–El Paso 2010, no pet.).

---

[1] Plaintiffs contend that the trial court struck the affidavit of the independent dealer and that the affidavit is not properly before this Court. The trial court's order indicates that the affidavit "shall not be considered in determining Volvo Trucks' Motion for Summary Judgment." The affidavit was not struck as evidence in relation the designation of YRC as a responsible third party.

**Inadequate Remedy by Appeal**

The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008); *In re Brokers Logistics, Ltd.*, 320 S.W.3d at 408. The denial of the right to designate YRC Freight a responsible third party would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of the defense in ways unlikely to be apparent in the appellate record. *See In re Brokers Logistics, Ltd.*, 320 S.W.3d at 408; *In re Arthur Andersen, L.L.P.*, 121 S.W.3d 471, 486 (Tex. App.-Houston [14th Dist.] 2003, orig. proceeding). Thus, it is possible Volvo would be unable to obtain relief on direct appeal. *Id.* The potential waste of resources, when combined with the possibility that Volvo may not be able to successfully prosecute an appeal, supports our conclusion that Relators do not have an adequate remedy at law. *In re Brokers Logistics, Ltd.*, 320 S.W.3d at 409.

**Conclusion**

We conditionally grant Volvo's petition for writ of mandamus and direct the trial court to set aside its April 4, 2016 order granting Plaintiffs' motion to strike designation of YRC Freight as a responsible third party and ordering that YRC Freight is not a responsible third party. The writ will issue only if the trial court fails to do so within 21 days from the date of this opinion.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Opinion delivered and filed June 2, 2016
[OT06]

