**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed November 5, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00940-CV

---

## IN RE METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, TEXAS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-18317**

---

## M E M O R A N D U M   O P I N I O N

Terry Smith sued Metropolitan Transit Authority of Harris County, Texas ("METRO") for negligence, alleging that he was accidentally shot by one of METRO's law enforcement officers. METRO filed a motion for leave to designate a responsible third party. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004. Smith opposed the motion, asserting there was no evidence that the designated person was responsible for his shooting. *See id.* § 33.004(l). The trial court granted

Smith's motion to strike METRO's third-party designation and excluded all evidence regarding the alleged third party's liability.

For the reasons below, we determine relator-METRO is entitled to mandamus relief and order the trial court to vacate its December 11, 2023 order granting Smith's motion to strike METRO's third-party designation and excluding all evidence pertaining to the alleged third party.

## BACKGROUND

Smith, a Houston police officer, was conducting traffic enforcement in a midtown parking lot when he was shot in the stomach. The initial investigation suggested Smith was shot by Gregory Hudson, a METRO police department officer who was issuing traffic citations in the same parking lot and working close to Smith. Smith was transferred to the hospital, where a .22 caliber bullet was removed from his body.

In March 2016, Smith sued METRO for negligence, asserting his injuries were caused when Hudson negligently discharged his firearm. METRO filed its responses to Smith's requests for disclosure two months later, alleging that the shooting was caused by someone not under METRO's control. This allegation was reiterated in METRO's first amended answer filed in June 2017, in which it asserted two affirmative defenses referencing an unknown shooter.

In August 2017, METRO filed a plea to the jurisdiction, asserting that Smith failed to allege any facts to support a waiver of immunity under the Texas Tort Claims Act. Smith filed a response and the trial court denied METRO's plea. METRO filed an interlocutory appeal, and this court affirmed the trial court's denial of METRO's plea to the jurisdiction. *See Metro. Transit Auth. of Harris Cnty. v. Smith*, No. 14-17-00807-CV, 2018 WL 6494141 (Tex. App.—Houston

2

[14th Dist.] Dec. 11, 2018, no pet.) (mem. op.).

Approximately two years later, the parties filed an agreed motion for a continuance referencing ongoing developments in the investigation of Smith's shooting. The agreed motion stated that the parties were informed that Houston Police Department investigators "recovered a .22 caliber rifle which they believe to have been used" in Smith's shooting. The agreed motion also stated that it "is undisputed that Hudson was not found with a .22 caliber rifle at the scene." The following month, METRO filed its supplemental responses to Smith's requests for disclosure, listing an unknown shooter as a "potential party" and a "responsible third party."

METRO filed a summary judgment motion in November 2019 and included with its motion an affidavit from Houston Police Department Detective Michael Burrow. In his affidavit, Detective Burrow said an investigation into a "series of unsolved sniper-style shootings in 2015 and 2016" linked Jamin Stocker to Smith's shooting. Detective Burrow said Stocker's home was searched in 2017 and officers recovered a .22 caliber rifle as well as "a news article about the shooting of Officer Smith [and] several other articles about similar area shootings." Detective Burrow said ballistics testing determined the .22 caliber rifle recovered from Stocker's home was "the rifle used in the shooting of Officer Smith." Smith responded to METRO's motion and asserted objections to METRO's summary judgment evidence.

In March 2021, Smith filed a "Motion to Exclude All Testimony, Evidence, and Argument Regarding Any and All Undesignated Alleged Responsible Third Parties." Citing Texas Civil Practice and Remedies Code section 33.004, Smith argued that METRO should be prohibited from introducing evidence that someone other than Hudson shot Smith because METRO failed to move for leave to

3

designate a responsible third party. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004.

METRO subsequently filed a motion for leave to designate Stocker as a responsible third party pursuant to section 33.004. METRO also filed a third amended answer that designated Stocker as a responsible third party. Smith filed a response opposing METRO's motion for leave as well as a motion to strike METRO's third amended answer.

On September 4, 2021, the trial court signed an order denying METRO's motion for leave to designate a responsible third party. The trial court also signed an order striking METRO's third amended answer. And on January 3, 2022, the trial court signed an "Order Granting [Smith's] Motion to Exclude All Testimony, Evidence, and Argument Regarding Any and All Undesignated Alleged Responsible Third Parties." The trial court reasoned that Smith's motion should be granted:

> because [METRO] failed to comply with the laws of the State of Texas including timely disclosure, timely designation, and failed to produce sufficient evidence to establish a genuine issue of material fact regarding the conduct of any unnamed and undesignated alleged responsible third party in causing or contributing to the cause of the subject incident made the basis of this suit.

The trial court's order stated that METRO was prohibited from offering any evidence or argument pertaining to any alleged responsible third party.

METRO filed a petition for writ of mandamus, challenging the trial court's (1) denial of its motion for leave to designate a responsible third party and (2) subsequent exclusion of all allegations and evidence regarding a non-party's liability with respect to Smith's shooting. Granting METRO's requested mandamus relief, we concluded the trial court abused its discretion by denying

4

METRO's motion for leave to designate a responsible third party and excluding all evidence regarding Stocker's liability with respect to the shooting. *See Metro. Transit Auth. of Harris Cnty. v. Smith*, 656 S.W.3d 867 (Tex. App.—Houston [14th Dist.] 2022, no pet.).

Back in the trial court, Smith again challenged METRO's third-party designation and filed a motion to strike, arguing that "there is no evidence suggesting Mr. Stocker committed the incident made the basis of this lawsuit." METRO responded to the motion to strike and attached Detective Burrow's deposition as evidence of Stocker's alleged responsibility with respect to Smith's shooting.

On December 11, 2023, the trial court signed an "Order Granting Plaintiff's Motion to Strike Defendant's Designation of Alleged Responsible Third-Party Jamin Stocker." The trial court concluded that "[t]here is not sufficient evidence to raise a genuine issue of fact regarding the alleged responsibility of Jamin Stocker in the subject incident." The trial court also excluded all evidence regarding Stocker's alleged contributory negligence or proportionate responsibility and stated that Stocker "shall not be included on the final charge submitted to the jury." METRO filed a petition for writ of mandamus.

### ANALYSIS

METRO raises two issues in its petition for writ of mandamus and asserts the trial court abused its discretion by (1) striking its third-party designation and (2) subsequently excluding all evidence regarding Stocker's alleged involvement in Smith's shooting. For the reasons below, we conclude the trial court abused its discretion when it granted Smith's motion to strike METRO's third-party designation. Because this determination formed the basis for the trial court's subsequent exclusion of all evidence of Stocker's liability, the trial court also

5

abused its discretion in that regard.

## I. Standard of Review and Governing Law

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by ordinary appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). "The relator must establish that the trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *Id*.

The Texas proportionate responsibility statute provides a framework for apportioning percentages of responsibility in the calculation of damages for any cause of action based on tort in which more than one person or entity, including the plaintiff, is alleged to have caused or contributed to causing the harm for which the recovery of damages is sought. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 33.002(a)(1), 33.003. In accordance with this framework, the Texas Civil Practice and Remedies Code permits defendants to designate "responsible third parties," which it defines as persons who are "alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought." *Id*. §§ 33.004(a), 33.011(6). This designation may reduce the percentage of responsibility attributed to the defendant, thus reducing its liability to the claimant. *Id*. § 33.013. Accordingly, proper designation is critical because it

6

"enables a defendant to introduce evidence regarding a responsible third party's fault and to have the jury apportion responsibility to the third party even if that person has not been joined as a party to the lawsuit." *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam).

Once a responsible third party has been designated and after an adequate time for discovery has passed, a party may move to strike the designation "on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." Tex. Civ. Prac. & Rem. Code Ann. § 33.004(l). "The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id*.; *see also Gregory v. Chohan*, 670 S.W.3d 546, 566 (Tex. 2023). A defendant produces sufficient evidence to raise a genuine issue of fact when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *see also, e.g.*, *In re E. Tex. Med. Ctr. Athens*, No. 12-23-00263-CV, 2023 WL 8103959, at *2 (Tex. App.—Tyler Nov. 21, 2023, orig. proceeding [mand. pending]) (mem. op.) ("the question for the trial court is whether the defendant produced sufficient evidence, more than a scintilla, for a reasonable jury to find the responsible third party responsible for a portion of the claimant's injury or damages").

Because our standard of review mirrors that of a no-evidence summary judgment, the trial court's ruling on a motion to strike essentially presents a legal question. *See Gregory*, 670 S.W.3d at 566; *Ham v. Equity Residential Prop. Mgmt. Servs., Corp.*, 315 S.W.3d 627, 631 (Tex. App.—Dallas 2010, pet. denied). Accordingly, our review, even under the abuse of discretion mandamus standard, is

7

*de novo*.  *Gregory*, 670 S.W.3d at 566.

## II.     Application

Citing Texas Civil Practice and Remedies Code section 33.004(l), Smith argued in his motion to strike METRO's third-party designation that METRO "cannot produce legally sufficient evidence to demonstrate a genuine issue of material fact exists as to whether Jamin Stocker caused or contributed to this incident."  METRO filed a response and attached as evidence Detective Burrow's deposition.  In his reply, Smith cited the trial court's earlier evidentiary rulings with respect to Detective Burrow's deposition and argued that the remaining admissible testimony was insufficient to satisfy METRO's evidentiary burden.

We disagree.  Even accounting for the testimony excluded by the trial court's evidentiary rulings, the remaining portions of Detective Burrow's deposition raise a genuine issue of fact regarding Stocker's alleged responsibility for Smith's shooting.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(l).  At his deposition, Detective Burrow responded as follows when asked about his investigation into the underlying incident:

> So I first became involved in that incident tangentially.  I became involved in a master case investigation of numerous shootings that happened in and around Third Ward in the Museum District between 2015 and 2017.
>
> And during the course of that master case investigation, one of the cases that was included was the shooting of Terry Smith.  That's how I became involved.  We believe the Smith shooting was related to three other officer-involved shootings that happened in that area between 2015 and 2016.  And I initially became involved on the fourth officer-involved shooting of a Deputy Clopton that occurred on April 13, 2016.  . . . And it was shortly after that shooting that we came to the conclusion that there was likely a sniper operating in the Third Ward area that was targeting police officers.  We did not develop a suspect until much later.

8

> With the master case investigation, I became the lead detective on the master case investigation in early 2018, when we developed a suspect named Jamin Stocker. ***During my investigation of Jamin Stocker and the events surrounding his arrest and all of the other cases, we developed solid information that he was the shooter in the Terry Smith case***.

(emphasis added). When asked what this "solid information" was comprised of, Detective Burrow pointed to (1) Stocker's "extreme antipolice views"; (2) a "hit list of public officials saved in [Stocker's] cell phone"; (3) a "rifle that was found in [Stocker's] residence that was equipped with a . . . homemade silencer, a scope and a shell catching device"; and (4) that the rifle subsequently "was matched by ballistic experts to the bullet that was removed from Officer Smith's abdomen." When asked whether he had an opinion regarding who shot Officer Smith based on the totality of his investigation, Detective Burrow responded: "[m]y opinion is that [Smith] was shot by Jamin Stocker."

This evidence is sufficient to raise a genuine issue of fact regarding Stocker's responsibility for Smith's shooting. Therefore, the trial court abused its discretion by granting Smith's motion to strike METRO's third-party designation. *See id*. Because this determination formed the basis for the trial court's exclusion of all evidence, testimony, and arguments regarding Stocker's alleged contributory negligence or proportionate responsibility, we also sustain METRO's second issue.

## III.   No Adequate Remedy by Appeal

The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). The denial of METRO's right to designate a responsible third party would skew the proceedings, potentially affect the outcome of the litigation, compromise the presentation of the defense in ways

unlikely to be apparent from the appellate record, and likely necessitate additional litigation. *See In re Brokers Logistics, Ltd.*, 320 S.W.3d 402, 408-09 (Tex. App.—El Paso 2010, orig. proceeding); *In re Arthur Andersen LLP*, 121 S.W.3d 471, 485-86 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding [mand. denied]). Considered together, these reasons support our conclusion that METRO does not have an adequate remedy at law. *See In re Brokers Logistics, Ltd.*, 320 S.W.3d at 408-09; *In re Arthur Andersen LLP*, 121 S.W.3d at 485-86; *accord In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) (per curiam) ("a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely-filed" motion for leave to designate a third party).

## CONCLUSION

We conclude the trial court abused its discretion by granting Smith's motion to strike METRO's third-party designation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(l). Because METRO does not have an adequate remedy at law, rendering mandamus relief is appropriate. Pursuant to Texas Rule of Appellate Procedure 52.8(c), we determine METRO is entitled to mandamus relief and order the trial court to vacate its December 11, 2023 "Order Granting Plaintiff's Motion to Strike Defendant's Designation of Alleged Responsible Third-Party Jamin Stocker." We will order the clerk of this court to issue a writ of mandamus only if the trial court fails to comply.

/s/    Meagan Hassan
Justice


Panel consists of Justices Wise, Spain, and Hassan.